SHORT RECORD
NO. 21-1330
FILED 02/23/2021

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

Subhadra Gunawardana and David Seely        )
                                            )
Plaintiffs,                                 )
                                            )
v.                                          )   Case No. 3:19-cv-96-NJR
                                            )
American Veterinary Medical Association     )
(AVMA), Educational Commission for Foreign  )
Veterinary Graduates (ECFVG) and Council on )
Education (COE)                             )
                                            )
                                            )
Defendants.                                 )

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that the Plaintiffs-Appellants in the above-named case, Subhadra Gunawardana and David Seely, hereby appeal to the United States Court of Appeals for the Seventh Circuit from: the final judgment entered on the 28th of January, 2021, dismissing the entire action with prejudice; and a number of previous rulings in the same action as would be specified in the appellate brief to follow.

The Docketing Statement required pursuant to Circuit Rule 3(c)(1) is filed contemporaneously with this Notice of Appeal.

                                            Respectfully submitted,
                                            /s/Dr. Subhadra Gunawardana
                                            /s/David Seely, With Consent
                                            Plaintiffs
                                            4308 Marion Garden Ln
                                            Florissant, MO 63034
                                            314-764-1520; 615-423-8851
                                            subhadra.gunawardana@wustl.edu
                                            david-seely@live.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was forwarded to all parties by way of electronic filing on the Court's ECF notice list on February 22nd, 2021.

/s/Dr. Subhadra Gunawardana
/s/David Seely, With Consent

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

Subhadra Gunawardana and David Seely⟩

Plaintiffs,⟩

v.⟩   Case No. 3:19-cv-96-NJR

American Veterinary Medical Association
(AVMA), Educational Commission for Foreign
Veterinary Graduates (ECFVG) and Council on
Education (COE)

Defendants.⟩

## SEVENTH CIRCUIT RULE 3(c) DOCKETING STATEMENT

The Plaintiffs-Appellants in the above-named case, Subhadra Gunawardana and David Seely, respectfully submit this Docketing Statement pursuant to Circuit Rule 3(c)(1) of the United States Court of Appeals for the Seventh Circuit.

1.   District Court Jurisdiction:   The district court had jurisdiction as a civil action pursuant to U.S.C. § § 1331 (Federal Question), due to claims arising under the following statutes: The Civil Rights Act of 1964; the 14th Amendment of the US Constitution; 42 U.S.C. § 1981; 42 U.S.C. § 1985(3); the Sherman Antitrust Act; the Americans with Disabilities Act [ADA] including its amendments; and Contract Claims pursuant to 48 U.S. Code § 2166 (Federal Subject Matter).

2.   Appellate Court Jurisdiction: This appeal is taken from the final decision of the U.S. District Court for the Southern District of Illinois entered on January 28th, 2021, by the Honorable Nancy Rosenstengel. The United States Court of Appeals for the Seventh Circuit has jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. §§ 2106-07.

3.   As noted above, the District Court entered a final appealable judgment on January 28th, 2021.

This is a civil appeal as a matter of right pursuant to Federal Rule of Appellate Procedure 3(a)

and Circuit Rule 3(a). Appellants did not file a motion for alteration of judgment, and no issues

remain unadjudicated. There have been no prior or related appellate proceedings in this case. The

Notice of Appeal was filed with the District Court on February 22nd, 2021.

Respectfully submitted,
/s/Dr. Subhadra Gunawardana
/s/David Seely, With Consent
Plaintiffs
4308 Marion Garden Ln
Florissant, MO 63034
314-764-1520; 615-423-8851
subhadra.gunawardana@wustl.edu
david-seely@live.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing document

was forwarded to all parties by way of electronic filing on the Court's ECF notice list on

February 22nd, 2021.

/s/Dr. Subhadra Gunawardana
/s/David Seely, With Consent

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SUBHADRA GUNAWARDANA and
DAVID SEELY,

      Plaintiffs,

v.                                                              Case No. 19-cv-96-NJR

AMERICAN VETERINARY MEDICAL
ASSOCIATION, EDUCATIONAL
COMMISSION FOR FOREIGN
VETERINARY GRADUATES, and
COUNCIL ON EDUCATION,

      Defendants.

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Dismiss Plaintiffs Dr. Subhadra Gunawardana and Mr. David Seely's First Amended Complaint filed by Defendant American Veterinary Medical Association ("AVMA") (Doc. 80). For the reasons set forth below, the motion is granted.

### FACTUAL AND PROCEDURAL BACKGROUND

Obtaining a license to practice veterinary medicine is a critical step for all veterinarians. For foreign graduates seeking licensure, the AVMA administers a certification process known as the Educational Commission for Foreign Veterinary Graduates ("ECFVG"). The ECFVG includes the Clinical Proficiency Exam ("CPE"), a "performance based exam intended to assess the practical clinical veterinary skills of the candidate" (Doc. 81, p. 2).

Dr. Gunawardana, a foreign veterinary graduate, started the ECFVG process in

September 2009 (Doc. 63, p. 6). As a part of the ECFVG process, Dr. Gunawardana signed

a document that contained the following release provision:

> I hereby release, discharge, and exonerate the AVMA, the ECFVG . . . from
> all actions, suits, obligations, damages, claims and demands arising out of,
> or in connections with, this application, the grade or grades given with
> respect to the examinations or the failure of the ECFVG to issue me a
> certificate. It is understood that the decision as to whether my examinations
> qualify me for a certificate vests solely and exclusively in the ECFVG and
> its decision is final.

(Doc. 81, p. 24).

After signing the release and completing the appropriate steps, Dr. Gunawardana

worked towards completing the CPE. Dr. Gunawardana's first attempt at the CPE was in

September 2015 (Doc. 63-1, p. 64). Unfortunately, Dr. Gunawardana did not pass the

surgery, anesthesia, and equine sections.

Dr. Gunawardana's second attempt at the CPE took place October 17-19, 2016 (*Id.*

at p. 65). But seven days before the retake of the surgery, anesthesia, and equine sections

of the CPE, Dr. Gunawardana was diagnosed with osteoarthritis of the first

carpometacarpal joint (*Id.* at p. 59). The next day, on October 11, 2016, Dr. Gunawardana

requested accommodations including an assistant to help on the surgery section, use of a

hand-brace during the equine and anesthesia sections, and time to stop between tasks to

take pain medication during all sections (*Id.* at p. 60). AVMA denied this request because

their CPE Testing Accommodation Policy requires candidates to submit the necessary

documentation at least 90 days in advance (*Id.* at p. 61). Ultimately, Dr. Gunawardana

failed the anesthesia section of the October 2016 CPE (*Id.* at pp. 62-63).

Dr. Gunawardana attached her ECFVG certification. Dr. Gunawardana took the

anesthesia section of the CPE in November 2017 (*Id.* at p. 4). Unfortunately, Dr. Gunawardana again failed the anesthesia section (*Id.*). Dr. Gunawardana filed a petition for reconsideration and a petition for review, but both affirmed Dr. Gunawardana's failing score (*Id.* at pp. 1-18). Notably, Dr. Gunawardana did not cite lack of accommodations for the November 2017 CPE.[1]

On February 1, 2019, Dr. Gunawardana and her husband, David Seely, filed a complaint against AVMA, ECFVG, and the Council on Education ("COE")[2] (Doc. 63). Dr. Gunawardana brings seven counts against AVMA under various state and federal laws, including: Section 2-302 of the Illinois Uniform Commercial (Count I), Title VII of the Civil Rights Act 42 U.S.C. § 2000e, *et seq* ("Title VII") (Count II), 42 U.S.C. § 1981 (Count III); Fourteenth Amendment's Equal Protection Clause (Count IV); Sherman Antitrust Act (Count V); 42 U.S.C. § 1985(3) (Count VI); and the Americans with Disabilities Act ("ADA") (Count VII). Mr. Seely brings two counts against AVMA under federal law, including: the ADA (Count VIII) and Sherman Antitrust Act (Count IX). The Court has federal question jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

On May 14, 2019, AVMA was granted time to answer or respond to the complaint (Doc. 18). AVMA then timely moved to dismiss the complaint (Doc. 22). On September

---

[1] The record is unclear whether Dr. Gunawardana requested accommodations for the November 2017 CPE.
[2] The COE is a branch of the AVMA (Doc. 63, p. 2). The COE allegedly provides educational accreditation and certification programs (*Id.* at p. 5). The COE, according to Dr. Gunawardana, conducted Dr. Gunawardana's petition of review (*Id.* at pp. 7-10).

10, 2019. Before deciding AVMA's Motion to Dismiss, Magistrate Judge Beatty ordered

the parties to appear for a settlement conference on October 17, 2019 (Doc. 38). A week

before the conference, Dr. Gunawardana and Mr. Seely admitted that they served

discovery on AVMA on September 21, 2019, and, as a result, would not be prepared to

answer the items in the settlement statement (Doc. 41). Accordingly, Dr. Gunawardana

and Mr. Seely asked to reset the settlement conference to November 14, 2019 (*Id*.).

Magistrate Judge Beatty ultimately held the settlement conference on February 20, 2020,

but the case did not settle.

On November 30, 2019, Dr. Gunawardana and Mr. Seely moved to amend their

complaint (Doc. 51). On January 6, 2020, this Court granted Dr. Gunawardana and Mr.

Seely's motion to amend (Doc. 62). On January 12, 2020, Dr. Gunawardana and Mr. Seely

filed their First Amended Complaint (Doc. 63). AVMA subsequently filed this Motion to

Dismiss arguing the First Amended Complaint fails to state a claim under the Federal

Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. 81).

## LEGAL STANDARD

To survive a motion seeking dismissal under Federal Rule of Civil Procedure

12(b)(1), a plaintiff must "'clearly . . . allege facts demonstrating' each element" required

to establish he has standing. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (quoting

*Warth v. Seldin*, 95 S.Ct. 2197, 2215 (1975)). The "irreducible constitutional minimum" of

standing requires a showing that a plaintiff has "(1) suffered an injury in fact, (2) that is

fairly traceable to the challenged conduct of the defendant, and (3) that is likely to

be redressed by a favorable judicial decision." *Id*. The burden of establishing these

three

elements falls on the party invoking the court's jurisdiction. *Id.*

Whether a defendant argues that a complaint fails to (1) properly state a claim, or (2) properly plead the elements of standing, courts apply the same analysis. *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). The factual allegations contained within a complaint must "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted); *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975) ("[T]rial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."). Complaints that contain only "naked assertion[s] devoid of further factual enhancement" will not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Further, courts "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). On the other hand, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [during the pleading stage] we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Lujan v. National Wildlife Fed.*, 497 U.S. 871, 889 (1990)).

ANALYSIS

I.    **Timeliness of AVMA's Motion to Dismiss**

Dr. Gunawardana and Mr. Seely argue that the Court should deny AVMA's Motion to Dismiss outright because the filing was untimely, and enter default judgment (Doc. 91). The Court will not. This Court—as well as Magistrate Judge Beatty—has granted Dr. Gunawardana and Mr. Seely's multiple extensions and requests to continue (Docs. 41, 82, 98). Additionally, this Court has even allowed Dr. Gunawardana and Mr. Seely to amend their complaint while AVMA's First Motion to Dismiss was pending (Doc. 51).

Not only has this Court extended deadlines and granted Dr. Gunawardana and Mr. Seely's requests to continue, but their amended complaint was not filed until January 2020. **January 2020 was the beginning of COVID-19 outbreak that has impacted all 50 states, and countries around the world.** In March, this Court extended the deadline for answering or otherwise responding to most complaints by sixty days. While AVMA's response became due before this Court extended the deadline because of COVID-19, this does not mean the Court should ignore the impact COVID-19 had on the parties. Thus, the Court will exercise its discretion in allowing AVMA's untimely Motion to Dismiss. *See e.g., Mommaerts v. Hartford Life & Accident Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007) (district court properly exercised its discretion in allowing answer to complaint to be filed after responsive pleading deadline had passed where the delay was "harmless"); *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706-07 (7th Cir. 2006) ("district courts have broad discretion to manage their dockets . . . .").

Case 3:19-cv-00096-NJR   Document 21   Filed 02/23/202   Page 7 of 52

More importantly, Dr. Gunawardana and Mr. Seely have not suffered prejudice.

AVMA's First Motion to Dismiss contained almost the identical arguments as the pending Motion to Dismiss (Docs. 23, 81). Indeed, Dr. Gunawardana and Mr. Seely admit in their response to AVMA's motion that "Defendants' instant motion largely repeats the same arguments presented in their original motion to dismiss . . . with many identical paragraphs" (Doc. 91, p. 2). This is significant because Dr. Gunawardana and Mr. Seely had two opportunities to address or resolve the issues in their complaint. *See Cherry v. Davis,* 2013 WL 1628236, at *3 (N.D. Ill. Apr. 15, 2013) (acknowledging that "[u]nless a defendant can demonstrate prejudice from an untimely filed motion to dismiss, a court has the discretion to consider the merits of the motion").

Besides the lack of prejudice, Dr. Gunawardana and Mr. Seely waived their objection as to the timeliness of AVMA's Motion to Dismiss at the Court's status conference on July 22, 2020 (Doc. 86). At the status conference, this Court inquired as to the reasons why AVMA's Motion to Dismiss was filed far out of time. The Court then asked for Dr. Gunawardana's response. Rather than objecting to AVMA's Motion to Dismiss, Dr. Gunawardana simply asked for more time to respond. Accordingly, this argument was waived.

## II.   Dr. Gunawardana's Claims

### A.  *Release of Claims by Waiver*

According to the AVMA, this case should be dismissed because Dr. Gunawardana signed a waiver releasing AVMA and the ECFVG from any legal action as recourse for poor performance on certification examinations (Doc. 81, p. 4). Dr. Gunawardana argues

the waiver unenforceable because it is unconscionable and as a matter of public

policy (Doc. 91, p. 3). Dr. Gunawardana supports this point by noting that "the waiver in

question is an adhesion contract, which all candidates are required to sign when enrolling

in the ECFVG program" (Doc. 92, p. 6). Dr. Gunawardana continues by asserting that

"[t]he language of the waiver is entirely one-sided, releasing and exonerating the AVMA

and ECFVG from any and all claims arising from or related to any part of the certification

process . . . ." (*Id*.).

To consider documents attached to pleadings without converting a motion to

dismiss into a motion for summary judgment, the documents must be referred to in the

complaint and central to the plaintiff's claims. *Adams v. City of Indianapolis*, 742 F.3d 720,

729 (7th Cir. 2014); *see Geinosky v. City of Chicago*, 675 F.3d 743, 745 (7th Cir. 2012) (noting

that "[a] motion under Rule 12(b)(6) can be based only on the complaint itself, documents

attached to the complaint, documents that are critical to the complaint and referred to in

it, and information that is subject to proper judicial notice"). Here, Dr. Gunawardana

references the waiver in the operative complaint (Doc. 63, p. 19). She asserts that "[the]

[i]ntent of unequal bargaining power is further evidenced by the mere existence of the

waiver, which exonerates the AVMA from any and all claims arising from or related to

the certification process, thus allowing AVMA/ECFVG to perform any act of negligence

or injustice without consequence" (*Id*.). Accordingly, the Court finds that it is appropriate

to consider the waiver at this stage of the litigation.

Here, the parties have not raised a conflict of law issue and have instead briefed

the release issue on the merits under Illinois law. The Court, as a result, will apply the

law of Illinois. This is 1310 the law recognizes covenants not to sue. *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 249 (7th Cir. 1994). Further, a waiver releasing a certifying organization from any legal action as recourse for poor performance on certification examinations is not an unconscionable contract of adhesion. *Id*. In *Sanjuan,* two psychiatrists failed an oral examination administered by the American Board of

Psychiatry and Neurology. *Id*. at 248. The psychiatrists signed nearly the identical release as the one signed by Dr. Gunawardana. *Id*. Like Dr. Gunawardana, "[p]laintiffs went back on their word, suing instead of accepting the outcome of the internal appeals." *Id*. at 249. The Board moved to dismiss and sought to enforce the psychiatrists' releases.

On these facts, the Seventh Circuit affirmed the district court's finding that the motion to dismiss was proper. The Court disagreed with the plaintiffs' assertions that the releases were unconscionable contracts of adhesion. *Id*. Specifically, the Court noted that the psychiatrists' releases were not more unconscionable "than the other standards for application, including paying fees and passing tests." *Id*. The Court continued acknowledging that "[i]f the Board as a private organization is entitled to set the rules of application and membership, it is entitled to insist that applicants agree to a legal cease-fire." *Id*.

The Seventh Circuit in *Sanjuan*, 40 F.3d at 249, however, suggested that its holding might be different if membership was an "economic necessity." *See id*. (acknowledging that the release might be in jeopardy if membership is an "economic necessity"). Dr. Gunawardana relies on this portion of *Sanjuan* and argues that an ECFVG certification is an "economic necessity" because this certification is required for a foreign graduate to

get licensed (Doc. 92, p. 8).

Under Illinois law, courts will review a private association's denial of an application for membership or the benefits thereof when what is applied for constitutes an "economic necessity." *Treister v. Am. Acad. of Orthopaedic Surgeons*, 396 N.E.2d 1225, 1231 (Ill. App. Ct. 1979). Besides alleging facts showing such economic necessity, federal review of a voluntary association's actions with respect to its members is limited to consideration of whether the decisions are "arbitrary and unreasonable" and whether they are supported by "substantial evidence." *Peoria Sch. of Bus., Inc. v. Accrediting Council for Continuing Educ. & Training*, 805 F. Supp. 579, 583 (N.D. Ill. 1992).

Not only does Dr. Gunawardana fail to plead economic necessity, but also she fails to allege sufficient facts suggesting that AVMA's actions were arbitrary and unreasonable. Additionally, Dr. Gunawardana has not provided authority that the Seventh Circuit's holding in *Sanjuan* does not apply. Dr. Gunawardana points to a few sentences in *Sanjuan* where the Court mentions that if membership is an "economic necessity," then the waiver of release "would be in jeopardy." *Sanjuan*, 40 F.3d at 249. But this Court has not found authority limiting the applicability of *Sanjuan* or evaluating a waiver of release when the membership is an "economic necessity." Accordingly, Dr. Gunawardana is barred from bringing all claims, unless clarified below.

### A. *Violation of Section 2-302 of Illinois Uniform Commercial (Count I)*

Even if Dr. Gunawardana's claim was not barred by her release, Dr. Gunawardana still fails to state a claim under Section 2-302 of the Illinois Uniform Commercial Code ("UCC"). 810 ILCS 5/2-302. Under Section 2-302, "[i]f the court as a matter of law finds

the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result." In general, Article 2 of the Illinois UCC, applies solely to "transactions" involving "goods." 810 ILCS 5/2-102; *see also Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 770 N.E.2d 177, 194 (Ill. 2002) (acknowledging that Article 2 is limited to "transactions in goods").

Here, Plaintiffs allege "ECFVG engages in a contract with each candidate for a service in exchange for money, to evaluate their professional knowledge and skills for a certificate making them eligible to apply for US licensure." (Doc. 63, p. 18). But the simple fact is Dr. Gunawardana cannot plausibly allege facts showing that the contract is unconscionable under the Illinois UCC because the code applies only to transactions involving goods, not services. Accordingly, Count I must be dismissed.

### B. Title VII (Count II)

Although the release bars Dr. Gunawardana's claim under Title VII,[3] AVMA further points out that "[Dr. Gunawardana] cannot state a claim against the AVMA for violation of Title VII because the AVMA is not Plaintiff's employer" (Doc. 81, p. 6). The Seventh Circuit, however, has not definitively decided that a plaintiff must have been an employee of defendant in order to have a Title VII claim. *See Alexander v. Rush N. Shore Med. Ctr.*, 101 F.3d 487, 493 (7th Cir. 1996) (limiting its ruling and noting that the Court

---

[3] *See Wagner v. NutraSweet Co.*, 95 F.3d 527, 532 (7th Cir. 1996) (noting that "[i]t is clear that a plaintiff may waive a claim under Title VII (and, by extension, under the Equal Pay Act) as part of a voluntary settlement, provided that her consent to the release was voluntary and knowing").

"[has] reason to go further and determine that a Title VII plaintiff must always

demonstrate that he [or she] is an employee *of the defendant employer*").

District courts in the Seventh Circuit are divided on whether a plaintiff must

demonstrate employment with the defendant in order to have a Title VII claim. *See e.g.,*

*EEOC v. Foster Wheeler Const., Inc.*, 1999 WL 515524, at *5 (N.D. Ill. July 14, 1999) (finding

that "an employee of one Title VII employer may sue a different Title VII employer whose

discriminatory actions interfere with the employee's employment conditions"); *Morrison*

*v. Am. Bd. of Psychiatry & Neurology, Inc.*, 908 F. Supp. 582, 584-87 (N.D. Ill. 1996) (noting

that plaintiff's "Title VII claim is not a mainstream Title VII claim because she does not—

and could not—allege that Board is her employer[,]" but because plaintiff alleged that the

"lack of Board certification will significantly inhibit her future employment

prospects . . . [her claim] survive[d] Board's motion to dismiss"); *but see Kerr v. WGN*

*Cont'l Broad. Co.*, 229 F. Supp. 2d 880, 887 (N.D. Ill. 2002) (acknowledging that "the

Seventh Circuit[,] [*in dicta,*] has rejected the idea that Title VII creates a class of defendants

that can be liable to individuals, without the limitation of an actual or de facto

employment relationship . . . .").

Dismissing Dr. Gunawardana's Title VII by adopting a narrow reading of Title

VII—as covering only traditional employment relationships—may be imprecise. Courts,

instead, have used common law agency principles in employment discrimination cases

to determine whether a defendant is liable for the alleged Title VII violations. But using

common law agency principals "is difficult to do [ ] without a more fully developed

factual record, which is probably why . . . such issues [are] determined at the summary

judgment stage rather than on a motion to dismiss." *Brooks v. Cook Cty.*, 2018 WL 3122174, at *7 (N.D. Ill. June 26, 2018) (collecting cases).

Still, this Court dismisses Dr. Gunawardana's Title VII claim even under the broad reading of Title VII—as covering employment agencies and labor organizations— because the AVMA is neither an "employment agency" nor a "labor organization." To be an "employment agency" under Title VII, the entity must "regularly undertak[e] with or without compensation to procure employees for an employer or to procure for employees opportunities to work for an employer and includes an agent of such a person." 42 U.S.C. § 2000e. To be a "labor organization" under Title VII, the entity must "[be] engaged in an industry affecting commerce, and any agent of such an organization, and includes any organization of any kind, any agency, or employee representation committee, group, association, or plan so engaged in which employees participate and which exists for the

purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment, and any conference, general committee, joint or system board, or joint council so engaged which is subordinate to a national or international labor organization." *Id*.

Here, Dr. Gunawardana alleges that the "AVMA is an employment agency under Title VII because they are the gatekeeper for all veterinary graduates seeking employment in the US, and maintains a career center which functions as a *liaison* between potential employers and employees" (Doc. 63, p. 20) (emphasis added). Dr. Gunawardana further alleges that the "career center helps *match* potential employees with employers, and provides job-seeker assistance through tools such as career coaching, resume writing,

Dr. Gunawardana fails to allege that the AVMA actively *refers* veterinarians to animal clinics, hospitals, or other organizations that employ veterinarians. *See Zamani v. Am. Dental Ass'n*, 1998 WL 812545, at *4 (N.D. Ill. Nov. 18, 1998) (finding that "[o]nly those persons who *refer* employees to employers, as that term is defined in the statute, are employment agencies") (emphasis added). The closest action to *referring* as explained in Dr. Gunawardana's opposition to AVMA's Motion to Dismiss is apparently "*maintain*[ing] an employment website to assist veterinarians with employment . . ." (Doc. 92, p. 10) (emphasis added).

Additionally, the AVMA is not a "labor organization" under Title VII because "[o]nly those organizations that deal directly with employers concerning working conditions are considered labor organizations." *Zamani*, 1998 WL 812545 at *4. Dr. Gunawardana does not assert that the AVMA deals directly with any veterinary employers on issues relating to the working conditions of veterinarians, thus the AVMA is not a "labor organization" under Title VII.

Even under the broadest reading of Title VII—as covering entities beyond employment agencies and labor organizations—Count II must be dismissed because there are no allegations that AVMA discriminated against Dr. Gunawardana based on her race, color, religion, sex, or national origin. Dr. Gunawardana, instead, asserts discriminatory policies and practices against foreign veterinary graduates.[4] Therefore,

---

[4] Also, under the "scope of the charge" doctrine, a plaintiff may only bring in federal court claims that were previously presented to the EEOC. *See Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 47 (1974); *Miller v. Am. Airlines*, 525 F.3d 520, 525 (7th Cir. 2008). Dr. Gunawardana provided her notice of right to sue letter, but

Dr. Gunawardana's Title VII claim, Count II, must be dismissed.

### C. Section 1981 (Count III)

Aside from Dr. Gunawardana's release, her claim under 42 U.S.C. § 1981 also must be dismissed for failure to state a claim. *See Getachew v. PartyLite Worldwide, Inc.*, 2011 WL 5507382, at *2 (N.D. Ill. Nov. 10, 2011) (dismissing plaintiff's claim under 42 U.S.C. § 1981, though at summary judgment, because plaintiff signed a release "relinquishing any right to bring suit under any federal or state employment law"). Under 42 U.S.C. § 1981, all persons within the jurisdiction of the United States are protected from racial discrimination in the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

Courts define "race" broadly, and the concept of race discrimination has been expanded to include discrimination on the basis of ancestry or ethnic characteristics. *Bisciglia v. Kenosha Unified Sch. Dist. No. 1*, 45 F.3d 223, 229 (7th Cir. 1995) (citing *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987) ("Congress intended to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics")). But allegations of discrimination based only on "the place or nation of [plaintiff's] origin" are not sufficient to state a section 1981 claim. *Saint Francis Coll.*, 481 U.S. at 613. Without an allegation of racial animus, "either explicit or reasonably inferable from the pleadings,"

---

failed to provide her EEOC charges, and there are still questions of the scope of Dr. Gunawardana's EEOC charges, and whether they are properly before this Court.

a section 1981 claim must be dismissed. *Anooya v. Hilton Hotels Corp.*, 733 F.2d 48, 50 (7th Cir. 1984).

AVMA contends that Dr. Gunawardana fails to allege that she was discriminated against based on her race or ethnicity (Doc. 81, p. 8). The Court agrees. Dr. Gunawardana alleges that the AVMA discriminated against her due to her birthplace in Sri Lanka and against all foreign graduates (Doc. 63, p. 22-23). Dr. Gunawardana also alleges that "the AVMA's practices disfavor the entry of non-white races into the US workforce, either directly or indirectly" (*Id.* at p. 23). Dr. Gunawardana continues pleading that the AVMA created the ECFVG policies in such a way as to single out entire groups to minimize their entry to the veterinary field (*Id.* at p. 22).

These are serious allegations, but they are insufficient to state a claim under 42 U.S.C. § 1981. *See e.g., Hussein v. Oshkosh Motor Truck Co.*, 816 F.2d 348, 352 (7th Cir. 1987) (reversing the district court's decision to dismiss plaintiff's section 1981 claim when plaintiff not only alleged "'[he] [is] an Egyptian born naturalized citizen' but also that he is 'not a member of the white or caucasion [sic] race, but is rather a member of the Negro or Brown race[]' [and] [t]he complaint further elaborated that, during his employment, [plaintiff] had 'received numerous ethnic slurs from co-employees and supervisory personnel,' . . . many of which were racially-motivated"); *Doe on Behalf of Doe v. St. Joseph's Hosp. of Fort Wayne*, 788 F.2d 411, 418 (7th Cir. 1986), *overruled on other grounds by Alexander*, 101 F.3d 487 (finding that a Korean plaintiff's allegations were sufficient because she "expressly alleged the defendant had discriminated against her because of her race"); *Padron v. Wal-Mart Stores, Inc.*, 783 F. Supp.2d 1042, 1054 (N.D. Ill. 2011)

Page 16 of 32

(denying defendant's motion to dismiss because plaintiffs alleged that they have dark-colored skin, eyes and hair and that they are members of a racial minority, which could give rise to an inference of racial animus"); *Abdulrahim v. Gene B. Glick Co.*, 612 F. Supp. 256, 262 (N.D. Ind. 1985) (granting defendant's motion to dismiss even when plaintiff alleged that he is Syrian descent whose "skin pigmentation is such that he may be perceived as non-white"); *De La Torres v. Gianni Furniture Co.*, 1986 WL 6407, at *2 (N.D. Ill. June 5, 1986) (granting defendant's motion to dismiss because "plaintiff's status as a Cuban-American, in itself, does not provide him with membership in a non-white racial group"). Because Dr. Gunawardana fails to allege that the AVMA discriminated against her because of her race, Count III must be dismissed.

### D. *Fourteenth Amendment (Count IV)*

The Fourteenth Amendment protects citizens from conduct by the government—generally not from conduct by private actors. *See Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) (acknowledging that "[a]s a general matter the

protections of the Fourteenth Amendment do not extend to 'private conduct abridging individual rights'") (quoting *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 722 (1961)). However, "the conduct of private actors, in some cases, can constitute state action." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009). A private actor's conduct will be characterized as state action when the alleged deprivation of constitutional rights are "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person who may fairly be said to be a state actor." *Id.*(quotations omitted).

"The Supreme Court has identified numerous situations where private action can become that of the state, such as: when private actors conspire or are jointly engaged with state actors; where the state compels the discriminatory action; when the state controls a nominally private entity or is entwined with its management or control; or when the state delegates a public function to a private entity." *Whitney v. Window to the World Commc'ns, Inc.*, 837 F. Supp. 2d 854, 857 (N.D. Ill. 2011) (citing *Hallinan*, 570 F.3d at 815–16). "Over time, Supreme Court and Seventh Circuit precedent have revealed that these cases do not so much enunciate a test or series of factors, but rather demonstrate examples of outcomes in a fact-based assessment." *Hallinan*, 570 F.3d at 816.

The AVMA is not a state actor—it is a private association. As a result, AVMA argues that Dr. Gunawardana does not properly plead facts that, if true, establish AVMA as a state actor (Doc. 81, pp. 9-11). The Court agrees. Dr. Gunawardana pleads "[a]ll state regulatory boards require applicants to complete AVMA-accredited or AVMA-administered programs as a prerequisite for state veterinary licensure" (Doc. 63, p. 23). Dr. Gunawardana alleges "[t]he United States Department of Education [USDE] recognizes the AVMA COE as the sole accrediting authority for veterinary education, and tapped them for additional responsibilities previously held by a USDE subcommittee" (*Id.*). Dr. Gunawardana continues by pleading that "AVMA is a gatekeeper for Title IV and Title VII federal funding, and administers/distributes federal grants" (*Id.*). As a catch-all, Dr. Gunawardana includes an allegation that "AVMA officials are pervasively intertwined with state agencies including regulatory boards, federal departments and the military" (*Id.* at p. 24).

In *Sanjuan*, the Seventh Circuit rejected a Fourteenth Amendment claim that a certifying board was a state actor:

> We agree with the district court, however, that the Board is a private association. It does not issue licenses to practice; it simply certifies achievement of a standard of excellence . . . **[The fact that] states make certification by the Board a prerequisite for some public positions does not convert the Board into a state actor, any more than a state's insistence that some employees have advanced degrees converts every college and university into a state actor**. If the Board's certification processes are unreliable, that may be a reason why the state should not depend on them; public beliefs that they are reliable (and consequent willingness to rely) do not bestow governmental power on the Board. State and local governments are responsible for their own decisions, and persons aggrieved by those decisions must complain against their authors (the states themselves) rather than against the Board.

40 F.3d at 250 (emphasis added).

Indeed, Dr. Gunawardana's complaint and briefs are full of allegations about the relationship between AVMA, AVMA's branches, the United States Department of Education, and other government agencies and commissions. But nothing in the complaint or briefing reaches the ultimate issue: whether AVMA makes the sole decision to issue a veterinary license. Like the medical board in *Sanjuan*, 40 F.3d at 250, AVMA issues certifications—not licenses to practice veterinary medicine.

Even if AVMA's actions could be construed as state action, Dr. Gunawardana must allege a deprivation of a property right. *Citizens Health Corp. v. Sebelius*, 725 F.3d 687, 694 (7th Cir. 2013) (noting that "[t]he threshold question in any due process challenge is whether a protected property or liberty interest actually exists"). "To maintain a claim of property over a government-issued benefit, such as a license or permit, a plaintiff must show she has 'a legitimate claim of entitlement to it' rather than a 'unilateral expectation

to it.'" *Dyson v. City of Calumet City*, 306 F.Supp.3d 1028, 1041 (N.D. Ill. 2018) (quoting *Bell v. City of Country Club Hills*, 841 F.3d 713, 717 (7th Cir. 2016) (citations omitted). "More specifically, 'where state law gives people a benefit and creates a system of nondiscretionary rules governing revocation or renewal of that benefit, the recipients have a secure and durable property right, a legitimate claim of entitlement.'" *Quick v. Illinois Dep't of Fin. & Prof'l Regulation*, 468 F. Supp. 3d 1001, 1007 (N.D. Ill. 2020) (quoting *Chicago United Indus., Ltd. v. City of Chicago*, 669 F.3d 847, 851 (7th Cir. 2012)).

Dr. Gunawardana claims AVMA violated her protected property interest in a "US veterinary license she is *entitled* to" (Doc. 63, p. 27). The problem is Dr. Gunawardana's license was not revoked, nor was Dr. Gunawardana renewing her license. Dr. Gunawardana failed the anesthesia section of the CPE three times (Doc. 63-1). Without completing the CPE, Dr. Gunawardana has not earned the ECFVG certification. Without the ECFVG certification, Dr. Gunawardana is not *entitled* to a veterinary license because "the ECFVG tests the professional skills of foreign veterinary graduates seeking to practice in the USA, and provides the educational certification necessary for that purpose" (*Id.* at p. 5). Thus, Dr. Gunawardana does not have a property right in a veterinary license, and Count IV must be dismissed.

### E.  Sherman Act (Count V)

Unlike Dr. Gunawardana's other claims, the release does not bar her from bringing antitrust claims. *See Sanjuan*, 40 F.3d at 250 ("conclud[ing] that plaintiffs' release does not prevent them from making an antitrust claim in court"). Dr. Gunawardana's antitrust claims are based on the alleged violations of Sections 1 and 2 of the Sherman Act. "The

purpose of the Sherman Act is to protect consumers from injury that results from diminished competition." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012) (citing *Banks v. NCAA*, 977 F.2d 1081, 1087 (7th Cir. 1992)). To plead a violation of Section 1 of the Sherman Act, Plaintiffs must plead: "(1) a contract, combination, or conspiracy; (2) a resultant unreasonable restraint of trade in [a] relevant market; and (3) an accompanying injury." *Id*. at 335 (quoting *Denny's Marina, Inc. v. Renfro Prods., Inc.,* 8 F.3d 1217, 1220 (7th Cir. 1993)).

"Substantial market power is an essential ingredient of every antitrust case under the Rule of Reason." *Sanjuan*, 40 F.3d at 251 (citations omitted). Dr. Gunawardana has not pled that AVMA's activities led to a decrease in output in the market which causes higher prices to consumers. In fact, Dr. Gunawardana pleads the opposite. According to Dr. Gunawardana, AVMA is flooding the veterinary market (Doc. 63, p. 30). *See id*. ("[b]y flooding the market with graduates from distributive model schools, [AVMA] place[s] active restrictions against specific groups including foreigners, minorities and graduates from traditional research-model institutions"). To allege that AVMA's activities has led to higher prices to consumers, Dr. Gunawardana continues by noting that "[g]raduates from the vocational model schools are provided incentives for employment in the Banfield system, which, according to clients' accounts, charges inflated prices and prescribes numerous unnecessary services" (*Id*. at p. 32). Accordingly, Dr. Gunawardana's claims regarding violations of Section 1 of the Sherman Act must be dismissed.

Section 2 of the Sherman Act prohibits "the employment of unjustifiable means to gain that power" and requires "two elements: (1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historical accident." *United States v. Grinnell Corp.*, 384 U.S. 563, 570–71 (1966). The first element "contains two-sub requirements: (1) a relevant market; and (2) possession of monopoly power in that market." *Ploss v. Kraft Foods Grp., Inc.*, 197 F. Supp. 3d 1037, 1069 (N.D. Ill. 2016).

Here, Dr. Gunawardana has failed to identify a relevant market. *See id.* at 1070–71 (acknowledging that "[c]ourts should dismiss antitrust claims based on a market argument only when it is certain that 'the alleged relevant market clearly does not encompass all interchangeable substitute products or when a plaintiff fail[s] even to attempt a plausible explanation as to why a market should be limited in a particular way'") (quoting *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 767 F. Supp. 2d 880, 901 (N.D. Ill. 2011)). "In an area that is not obviously commercial, and thus where the Sherman Act's application is not clearly apparent, [ ] it is incumbent on the plaintiff to describe the rough contours of the relevant commercial market in which anticompetitive effects may be felt, even when a quick-look approach is all that is called for." *Agnew*, 683 F.3d at 345.

Even assuming that Dr. Gunawardana's relevant market is the "veterinary market," Dr. Gunawardana's complaint still falls short as she fails to plead that AVMA's actions have an anticompetitive effect on the veterinary market. Again, Dr. Gunawardana

pleads that AVMA conspires with the Banfield Hospital and several distributive model veterinary schools to *flood* the market with graduates from distributive model schools, thus actively restricting against specific groups "including foreigners, minorities and graduates from traditional research-model institutions" (Doc. 63, p. 29-30). While this is a serious allegation, "the Sherman Act is not a precursor to the Civil Rights Act of 1964." *Sanjuan*, 40 F.3d at 252.

Stopping the analysis at this initial step, while proper, would be incomplete because Dr. Gunawardana fails to state a claim under Section 2 of the Sherman Act for additional reasons. For instance, Dr. Gunawardana fails to allege facts supporting the notion of AVMA's possession of monopoly power. "Ultimately, the allegations must show that the defendant has the 'power to control prices or exclude competition in a relevant market.'" *Ploss*, 197 F. Supp. 3d at 1071 (quoting *MCI Commc'ns Corp. v. Am. Tel. & Tel. Co.*, 708 F.2d 1081, 1106 (7th Cir. 1983)). Dr. Gunawardana's allegations do not include facts regarding AVMA's power to control prices or exclude competition in *any* market. If the relevant market is the "veterinary market," the high prices, according to Dr. Gunawardana's allegations, is a result of the Banfield system—not AVMA. As far as excluding competition in the veterinary market, Dr. Gunawardana <u>again</u> alleges that the AVMA is *flooding* the veterinary market. Changing the relevant market to the "veterinary market in Missouri" does not help Dr. Gunawardana, as her allegations fall victim for the same reasons. If the relevant market is the market over certifying foreign graduates for licensure purposes, Dr. Gunawardana admits that AVMA's ECFVG is actually more practical, viable, and less expensive than the alternative (Doc. 92, p. 15).

Besides failing to plead facts demonstrating the first element of a monopolization claim under Section 2 of the Sherman Act, Dr. Gunawardana also fails to plead facts demonstrating the second element of a monopolization claim—that AVMA engaged in anticompetitive conduct. Thus, Dr. Gunawardana fails to state a claim under the Section 2 of the Sherman Act, and Count V must be dismissed.

### F. *Section 1985(3) (Count VI)*

Dr. Gunawardana also fails to state a claim under Section 1985(3). "A plaintiff raising a claim under Section 1985(3) must allege (1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of the alleged conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens" *Majeske v. Fraternal Order of Police, Local Lodge No. 7*, 94 F.3d 307, 311 (7th Cir. 1996).

Here, Dr. Gunawardana fails to plausibly allege any conspiracy. Dr. Gunawardana brings suit against the AVMA and its subsidiaries asserting "AVMA's membership is widespread; that they perform many different functions; and have affiliations with many organizations including state and federal entities, a conspiracy within AVMA members, within its committees, and/or between AVMA and outside entities, is more than plausible" (Doc. 63, p. 34). From Dr. Gunawardana's complaint, this Court may be able to generously construe an allegation that AVMA conspired with Banfield, vocational and distributive model veterinary schools, and other agencies and organizations. "But without any detail to flesh out this conclusory assertion, it lacks plausibility . . . ." *Ma v. CVS Pharmacy, Inc.*, 2020 WL 6257028, at *3 (7th Cir. Oct. 23, 2020).

Dr. Gunawardana provides no basis for inferring that Banfield or the other entities agreed, explicitly or implicitly, with AVMA to deprive her of equal protection of the laws. *See id*. (citing *Twombly*, 550 U.S. at 556-57; *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 939 (7th Cir. 2012)). Also, Dr. Gunawardana's complaint lacks any suggestion that Banfield shared in a common purpose with AVMA to obstruct her rights. Dr. Gunawardana alleges certain "vocational schools have received massive financial support from the Banfield hospital system owned by MARS Inc." (Doc. 63, p. 32). The complaint also alleges "[i]n conspiracy with the Banfield system and several vocational model veterinary schools, the AVMA continues to restrict the market against graduates from both non-accredited institutions and traditional institutions" (*Id*. at p. 38). But the complaint "lacks allegations permitting an inference that the alleged conspirators had a racial or other class-based motive . . . ." *Ma*, 2020 WL 6257028 at *3. Instead, based on Dr. Gunawardana's allegations, Banfield has financial motives and the schools' motives are grounded in providing employment for their graduates. Thus, AVMA's Motion to Dismiss is granted as to Count VI.

### G. Title III of the ADA, 42 U.S.C. §§ 12181–12189 (Count VII)

Although the release bars Dr. Gunawardana's claim under 42 U.S.C. § 12189,[5] Count VII also should be dismissed as untimely. "[D]ismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's

---

[5] *See Mancuso v. Danfoss, Inc.*, 6 F. App'x 391, 395 (7th Cir. 2001) (holding that district court did not abuse its discretion enforcing settlement agreement and dismissing plaintiff's ADA claims where plaintiff agreed to waive her ADA claim).

tardiness." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674–75 (7th Cir. 2009) (citations omitted).

The Seventh Circuit has acknowledged that "the most appropriate state limitations period applies" to a plaintiff's claim of discrimination under 42 U.S.C. § 12189. *Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 550 (7th Cir. 1996). In *Soignier*, the plaintiff, a plastic surgeon from Dallas, Texas, failed the oral portion of the Board certification process four times. *Id*. at 549. Determined to pass the oral portion, the plaintiff attempted the oral portion again in November 1992. *Id*. Unlike his other attempts, the plaintiff asked the Board to accommodate his disabilities by requesting "more time to take the test, use of models and paper drawings during the test, time to rephrase questions or rewrite them if necessary, and different examiners than those who had administered his past tests" *Id*. at 549–50. The Board did not accommodate all of the plaintiff's requests, and he failed the oral portion for a fifth time. *Id*. at 550. The plaintiff then appealed this outcome to the Board. *Id*. In November 1994, the Board upheld the November 1992 examination result because the Board found that the examination was conducted fairly. *Id*. On May 9, 1995, the plaintiff sued the Board under 42 U.S.C. § 12189 of the ADA in the United States District Court for Northern District of Illinois. *Id*.

To evaluate whether the plaintiff's discrimination claim against the Board under 42 U.S.C. § 12189 was time-barred, the district court had to determine the applicable statute of limitations and when the claim began to accrue. *Id*. The district court acknowledged that Illinois' two-year statute of limitations period for personal injury actions applied because the case was brought in Illinois. *Id*. The district then found that

the plaintiff's claim accrued in November 1992, but plaintiff did not file his complaint in federal court until May 1995. *Id*. Accordingly, the district court dismissed the suit as time-barred. *Id*.

On appeal, the Seventh Circuit confirmed that the district court "correctly applied Illinois' two-year statute of limitations for personal injuries as the most analogous limitations period for [plaintiff's] ADA claim." *Id*. at 551. The Seventh Circuit then held that the two-year clock starts on the date that the plaintiff took the exam without the accommodations requested, because by that date plaintiff "was aware of each of the elements of his ADA claim: (a) [plaintiff] was a qualified person with a disability; (b) the law required the Board to provide [plaintiff] with reasonable accommodations during the test; and (c) the Board allegedly failed to provide those accommodations." *Id*. at 553-54 (citations omitted).

Following the Seventh Circuit's decision in *Soignier*, Dr. Gunawardana's claim under 42 U.S.C. § 12189 must be dismissed as untimely. Like *Soignier*, Illinois' two-year statute of limitations period for personal injury actions applies as it is the most analogous limitations period for Dr. Gunawardana's ADA claim. Under Illinois' two-year statute of limitations period, Dr. Gunawardana had until October 2018 to file her complaint as she took the anesthesia portion of the CPE exam without the accommodations requested in October 2016 (Doc. 63, p. 35; Doc. 63-1, pp. 60-63). But Dr. Gunawardana filed her complaint on February 1, 2019—four months after the statute of limitations expired (Doc. 2).

Dr. Gunawardana argues that her claim is not barred because it is a continued

violation. *Id.* at 330 *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069 (7th Cir. 2013). In *Scherr*,

the plaintiff requested an ADA-compliant hotel room. *Id.* at 1071. However, the hotel had

installed spring hinge doors on the bathroom doors of some of its rooms, including the

plaintiff's ADA-complaint room. *Id.* Ultimately, the plaintiff was injured when the spring

hinged door closed automatically and knocked the plaintiff down. *Id.* The plaintiff

brought suit under Title III of the ADA seeking injunctive relief against the hotel and

fifty-six of the hotel's other locations for using spring-hinged doors. *Id.*

In *Scherr*, "[plaintiff] brought her ADA claim in November 2010 . . . more than four

years after her actual injury in March 2006." *Id.* at 1075. The hotel contended that the

plaintiff's claim was "time-barred because she knew of the alleged problem with the

spring-hinged doors long before she filed her personal injury action, let alone her ADA

claim." *Id.* The plaintiff, on the other hand, argued that "a plaintiff seeking injunctive

relief from ongoing violations, the cause of action continues to accrue each day the

defendant remains in violation of the ADA." *Id.* The Seventh Circuit noted that the

plaintiff "alleged that she is currently aware of what she believes to be ongoing ADA

violations at the [hotel], and that she would return to the hotel but for these ongoing

violations." *Id.* at 1076. The Court then held that "[b]ecause the violations [plaintiff]

alleges are continuing, the applicable statute of limitations does not bar her claim." *Id.*

Dr. Gunawardana's reliance on *Scherr* is misplaced. As shown above, *Scherr* did

not involve a claim of discrimination under 42 U.S.C. § 12189 against a private entity

offering a professional certification. Dr. Gunawardana also has not alleged an ongoing

ADA violation like the ongoing ADA violation in *Scherr*. Dr. Gunawardana alleges that

the AVMA's ADA violation is ongoing because it still has a copy of her request

for accommodation 90 days before the exam date (Doc. 63, pp. 35-36). But unlike the

plaintiff in *Scherr*—who alleged that she would return to the hotel but for the ongoing

violations—Dr. Gunawardana has not alleged that she would retake the CPE but for

AVMA's ongoing ADA violations. In fact, Dr. Gunawardana alleged she already retook

the CPE in November 2017 (Doc. 63, p. 7; Doc. 63-1, p. 1-15).[6]

Accordingly, *Soignier* controls the Court's decision with respect to Dr.

Gunawardana's claim under 42 U.S.C. § 12189, and Count VII must be dismissed as

untimely.

## II.   MR. SEELY'S CLAIMS

### A.  Standing

Article III of the Constitution limits the judicial power of federal courts to

adjudicating "cases" and "controversies." *Hein v. Freedom From Religion Foundation, Inc.*,

551 U.S. 587, 597 (2007). "One of the controlling elements in the definition of a case or

controversy under Article III is standing." *Id*. (internal quotations, citations, and

alterations omitted). "[T]he irreducible constitutional minimum of standing consists of

three elements." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). A plaintiff must have

(1) suffered an injury in fact, (2) that is fairly traceable to the defendant's challenged

conduct, and (3) is redressable by the Court. *Id*.

---

[6] In her opposition to AVMA's Motion to Dismiss, Dr. Gunawardana argues that "Plaintiff's consistent position was that she is not willing to retake the exam in its current form, with all its violations of civil rights and equal protections, and complete lack of transparency or oversight" (Doc. 92, p. 17). Nonetheless, she retook the CPE in November 2017.

Here, Mr. Seely's alleged injuries are not fairly traceable to AVMA's challenged conduct. Mr. Seely allegedly suffered by having to accompany Dr. Gunawardana for the November 2017 CPE, economic damages from Dr. Gunawardana's loss of earnings in the veterinary field, and as a direct consumer of veterinary services—"which are not limited to companion animal veterinary care" (Doc. 63, p. 38). This creative attempt at pleading a concrete injury still amounts to indirect suffering, which does not create standing. Under Mr. Seely's logic, everyone would be able to sue their spouse's employer because of the damages it causes to the household. This logic, however, has been rejected by district courts in the Seventh Circuit. *See e.g., Feng v. Sandrik*, 636 F. Supp. 77, 82 (N.D. Ill. 1986) (acknowledging that "spouses of individuals who have been victimized by employment discrimination cannot be said to fall within the class of persons Title VII was intended to protect"); *Diffay v. Am. Tel. & Tel. Co.*, 1988 WL 53209, at *12 (N.D. Ill. May 13, 1988) (noting that spouse's claim is based on the adverse effect of a previous decision as to her husband—thus "[s]he is without standing to sue under Title VII"); *Simonsen v. Bd. of Educ. of the City of Chicago*, No. 01-C-3081 (N.D. Ill. Nov. 8, 2001) (holding that four relatives lacked standing because "[n]othing in the complaint alleges that any defendant took any action against them[ ] [and] [the] [fact] [t]hat they may be indirectly suffering the consequences of [plaintiff's] suspension is not sufficient to create Article III standing"). Accordingly, Mr. Seely and his claims (Counts VIII and IX) must be dismissed.

### B.  ADA Claim (Count VIII)

Even if Mr. Seely had standing, his ADA claim fails to allege a specific disability.

The Seventh Circuit has held that short, plain statements, as long as they include a specific

disability, pass the Rule 12(b)(6) test. *See Tate v. SCR Medical Transp.*, 809 F.3d 343, 345

(7th Cir. 2015) ("[a]nd surely a plaintiff alleging discrimination on the basis of an actual

disability under 42 U.S.C. § 12102(1)(A) must allege a specific disability"). Here, Mr. Seely

did not allege a specific disability. His ADA discrimination claim, therefore, must be

dismissed.

### C. Sherman Act (Count IX)

Besides the lack of standing, Mr. Seely's Sherman Act claim fails for the same

reasons as Dr. Gunawardana's claims. Like Dr. Gunawardana's allegations, Mr. Seely has

failed to allege that AVMA's activities has led to a decrease in output in the market which

causes higher prices to consumers. Mr. Seely, instead, vaguely alleges:

- The AVMA is the gate-keeper with sole authority on who enters the veterinary profession in the US;

- AVMA consists of active market players with a personal stake in controlling the numbers entering the market, thus keeping prices high;

- In conspiracy with the Banfield system and several vocational model veterinary schools, the AVMA continues to restrict the market against graduates from both non-accredited institutions and traditional institutions.

(Doc. 63, p. 37-39). Accordingly, Mr. Seely's claim regarding violations of Section 1 of the

Sherman Act must be dismissed.

Similar to Dr. Gunawardana's claim under Section 2 of the Sherman Act, Mr. Seely

also fails to identify a relevant market. The closest Mr. Seely comes to identifying a

relevant market is the "veterinary field." (Doc. 63, p. 37). Even if Mr. Seely identified a

relevant market, Mr. Seely's claim does not contain facts that AVMA has the power to control prices or exclude competition in the market. Mr. Seely conclusively alleges that AVMA is the gate-keeper with sole authority on who enters the veterinary profession in the United States, but this is not enough. *Ploss*, 197 F. Supp. 3d at 1071 ("[u]ltimately, the allegations must show that the defendant has the power to control prices or exclude competition in a relevant market") (quotations omitted). Mr. Seely also fails to plead facts demonstrating the second element of a monopolization claim—that AVMA engaged in anticompetitive conduct. Thus, Mr. Seely fails to state a claim under Section 2 of the Sherman Act, and Count IX must be dismissed.

### CONCLUSION

For the reasons set forth above, AVMA's Motion to Dismiss for Failure to State a Claim (Doc. 80) is **GRANTED**, and this entire action is **DISMISSED with prejudice**. The Clerk of Court shall enter judgment accordingly and close this case.

IT IS SO ORDERED.

DATED:  **January 28, 2021**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**SUBHADRA GUNAWARDANA and**
**DAVID SEELY,**

           **Plaintiffs,**

**v.**                                                          **Case No. 19-cv-96-NJR**

**AMERICAN VETERINARY MEDICAL**
**ASSOCIATION, EDUCATIONAL**
**COMMISSION FOR FOREIGN**
**VETERINARY GRADUATES, and**
**COUNCIL ON EDUCATION,**

           **Defendants.**

## <u>JUDGMENT IN A CIVIL ACTION</u>

**DECISION BY THE COURT.**

      This matter having come before the Court, and the Court having rendered a decision,

      **IT IS ORDERED AND ADJUDGED** that, pursuant to the Court's Order of January 28, 2021 (Doc. 104), this entire action is **DISMISSED with prejudice**.

      **DATED:   January 28, 2021**

                                    **MARGARET M. ROBERTIE,**
                                    **Clerk of Court**

                                  **By:   s/ _Deana Brinkley_**
                                        **Deputy Clerk**

**APPROVED:** _____
           **NANCY J. ROSENSTENGEL**
           **Chief U.S. District Judge**

CM/ECF - U.S. District Court:ilsd                                                    Page 1 of 15
Case 3:19-cv-00096-NJR   Document 108   Filed 02/22/21   Page 38 of 52   Page ID #886
Case: 21-1330   Document: 1-1        Filed: 02/23/2021        Pages: 52

APPEAL,CJRA_B,DEC,DRR

# U.S. District Court
## Southern District of Illinois (East St. Louis)
## CIVIL DOCKET FOR CASE #: 3:19-cv-00096-NJR
## Internal Use Only

Gunawardana et al v. American Veterinary Medical Association et al

Assigned to: Chief Judge Nancy J. Rosenstengel

Cause: 42:1981 Civil Rights

Date Filed: 02/01/2019

Date Terminated: 01/28/2021

Jury Demand: Plaintiff

Nature of Suit: 410 Anti-Trust

Jurisdiction: Federal Question

**Plaintiff**

**Subhadra Gunawardana**                    represented by   **Subhadra Gunawardana**
Pro-Se Filer
4308 Marion Garden Lane
Florissant, MO 63034
314-764-1520
Email:
subhadra.gunawardana@wustl.edu
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**David Seely**                              represented by   **David Seely**
Pro-Se Filer
4308 Marion Garden Lane
Florissant, MO 63034
615-423-8851
Email: david-seely@live.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**American Veterinary Medical**              represented by   **J. Hayes Ryan**
**Association**                                               Gordon & Rees LLP
*AVMA and its branches*                                       1 North Franklin Street
Suite 800
Chicago, IL 60606
312-565-1400
Fax: 312-656-6511
Email: hayesryan@grsm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

CM/ECF - U.S. District Court:ilsd                                      Page 2 of 15
Case 3:19-cv-00096-NJR   Document 108   Filed 02/22/21   Page 39 of 52   Page ID #887
Case: 21-1330      Document: 1-1        Filed: 02/23/2021      Pages: 52

**Marissa Louise Dellacroce**
Gordon & Rees, et al. - Chicago
One North Franklin Street
Chicago, IL 60606
312-619-4914
Fax: 312-565-6511
Email: mdellacroce@grsm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Educational Commission for Foreign
Veterinary Graduates**
*ECFVG*

**Defendant**

**Council on Education**
*COE*

[Email All Attorneys]
[Email All Attorneys and Additional Recipients]

| Date Filed | # | Docket Text |
|---|---|---|
| 02/01/2019 | 1 | Notice of Judge Assignment. Judge Nancy J. Rosenstengel and Magistrate Judge Mark A. Beatty assigned. All future documents must bear case number 19-96-NJR-MAB. If the parties consent to Magistrate Judge assignment, the consent form with instruction is attached for your convenience. Refer to the pro se litigant guide, found on the ILSD website, for further information. (Attachments: # 1 Consent Brochure) (amv) (Entered: 02/01/2019) |
| 02/01/2019 | | Filing fee: $ 400.00, receipt number 34625090370 (amv) (Entered: 02/01/2019) |
| 02/01/2019 | 2 | COMPLAINT against American Veterinary Medical Association, Council on Education, Educational Commission for Foreign Veterinary Graduates, filed by Subhadra Gunawardana, David Seely. (Attachments: # 1 Civil Cover Sheet with Addendum, # 2 Memorandum of Law in Support of Complaint, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12)(kls3) (Entered: 02/01/2019) |
| 02/14/2019 | 3 | NOTICE of Appearance by J. Hayes Ryan on behalf of American Veterinary Medical Association (Ryan, J.) (Entered: 02/14/2019) |
| 02/20/2019 | 4 | MOTION for Electronic Filing by Subhadra Gunawardana, David Seely. (lmb) (Entered: 02/21/2019) |
| 02/22/2019 | 5 | WAIVER OF SERVICE Returned Executed by American Veterinary Medical Association. American Veterinary Medical Association waiver |

CM/ECF - U.S. District Court:ilsd                                                    Page 3 of 15
Case 3:19-cv-00096-NJR   Document 108   Filed 02/22/21   Page 40 of 52   Page ID #888
Case: 21-1330        Document: 1-1        Filed: 02/23/2021        Pages: 52

| | | |
|---|---|---|
| | | sent on 2/6/2019, answer due 4/8/2019. (Attachments: # 1 Certificate of Service)(Ryan, J.) (Entered: 02/22/2019) |
| 02/25/2019 | 6 | ORDER GRANTING 4 Motion for Electronic Filing. Plaintiffs are hereby GRANTED access (via login and password) to the District Court's electronic case filing system. In order to access the system, Plaintiffs must go to the District Court's website and complete the Electronic Filing Registration Form (www.ilsd.uscourts.gov, click on "Electronic Case Filing" tab). They can contact the ECF HelpDesk at (866) 867-3169 if they have questions concerning registration. Plaintiffs should also review the Electronic Filing Rules prior to utilizing the system. The Clerk's Office shall provide a copy of this Order to Plaintiffs by regular mail. Plaintiffs are ADVISED that once they are registered for electronic filing, the Clerk's Office will no longer mail them paper copies of documents that are filed. Signed by Magistrate Judge Mark A. Beatty on 2/25/2019. (klh2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 02/25/2019) |
| 04/05/2019 | 7 | MOTION to Transfer Case *to The Northern District of Illinois* by American Veterinary Medical Association. (Ryan, J.) (Entered: 04/05/2019) |
| 04/05/2019 | 8 | MOTION to Transfer Case *to The Northern District of Illinois* by American Veterinary Medical Association. (Ryan, J.) (Entered: 04/05/2019) |
| 04/08/2019 | 9 | NOTICE REGARDING FILING re 7 Motion to Transfer Case filed by American Veterinary Medical Association and 8 Motion to Transfer Case filed by American Veterinary Medical Association. Certificate of Service fails include service on pro se plaintiff, David Seely. This Notice is sent for informational purposes only. (cjo)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 04/08/2019) |
| 04/08/2019 | 10 | SUPPLEMENT by American Veterinary Medical Association. *Certificate of Service*. (Ryan, J.) (Entered: 04/08/2019) |
| 04/10/2019 | 11 | Amended MOTION to Transfer Case by American Veterinary Medical Association. (Attachments: # 1 Memorandum in Support of Amended Motion to Transfer, # 2 Certificate of Service)(Ryan, J.) (Entered: 04/10/2019) |
| 04/18/2019 | 12 | RESPONSE in Opposition re 11 Amended MOTION to Transfer Case filed by All Plaintiffs. (Gunawardana, Subhadra) (Entered: 04/18/2019) |
| 04/18/2019 | 13 | MEMORANDUM in Opposition re 11 Amended MOTION to Transfer Case filed by All Plaintiffs. (Attachments: # 1 Exhibit, # 2 Exhibit) (Gunawardana, Subhadra) (Entered: 04/18/2019) |
| 04/19/2019 | 14 | NOTICE REGARDING FILING re 12 Response in Opposition to Motion filed by Subhadra Gunawardana, David Seely and 13 Memorandum in Opposition to Motion filed by Subhadra Gunawardana, |

CM/ECF - U.S. District Court:ilsd                                    Page 4 of 15
Case 3:19-cv-00096-NJR   Document 108   Filed 02/22/21   Page 41 of 52   Page ID #889
Case: 21-1330        Document: 1-1        Filed: 02/23/2021        Pages: 52

| | | David Seely. When pleadings contain multiple electronic signatures, the non-filing party must include the language "with consent" with his/her signature. See Section 2.1 of the CM/ECF Users Manual. This Notice is sent for informational purposes only. (cjo)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 04/19/2019) |
|---|---|---|
| 04/30/2019 | 15 | ORDER DENYING 11 Motion to Transfer Case. The Amended Motion to Transfer Venue (Doc. 11) is DENIED. Plaintiffs are ORDERED to Show Cause as to why Dr. Seely should not be dismissed from this case for lack of standing, on or before May 14, 2019. Signed by Chief Judge Nancy J. Rosenstengel on 4/30/2019. (jmp2) (Entered: 04/30/2019) |
| 05/13/2019 | 16 | MOTION for Extension of Time to File Answer re 2 Complaint,, by American Veterinary Medical Association. (Attachments: # 1 Certificate of Service)(Ryan, J.) (Entered: 05/13/2019) |
| 05/13/2019 | 17 | RESPONSE TO ORDER TO SHOW CAUSE by All Plaintiffs filed by All Plaintiffs. (Seely, David) (Entered: 05/13/2019) |
| 05/14/2019 | 18 | ORDER GRANTING 16 Motion for Extension of Time to Answer. Defendant American Veterinary Medical Association's answer or other responsive pleading is now due on or before June 4, 2019. Signed by Magistrate Judge Mark A. Beatty on 5/14/2019. (klh2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 05/14/2019) |
| 05/14/2019 | 19 | ORDER DENYING AS MOOT 7 Motion to Transfer Case and 8 Motion to Transfer Case. The Court denied the Amended Motion to Transfer Case filed by Defendant American Veterinary Medical Association (Doc. 15). Accordingly, the previous motions to transfer case are denied as moot. Signed by Chief Judge Nancy J. Rosenstengel on 5/14/2019. (jmp2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 05/14/2019) |
| 05/16/2019 | 20 | First MOTION to Vacate *Order granting Defendants' Motion for Extension* by All Plaintiffs. (Attachments: # 1 Exhibit)(Gunawardana, Subhadra) (Entered: 05/16/2019) |
| 05/17/2019 | 21 | ORDER DENYING 20 First Motion to Vacate Order Granting Defendants' Motion for Extension: Plaintiffs move to vacate the Court's Order granting Defendants additional time to respond to the Complaint. The decision to grant or deny an extension of time under Fed. R.Civ. P. 6 (b) is within the Court's discretion. *Matter of Narowetz Mechanical Contractors, Inc.*, 898 F.2d 1306, 1309 (7th Cir. 1990). In this instance, the extension serves the "fundamental tenet of justice favoring the resolution of cases on their merits." *Schilling v. Walworth Cnty. Park & Planning Comm'n*, 805 F.2d 272, 275 (7th Cir. 1986). Accordingly, the Motion to Vacate is DENIED. (jmp2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 05/17/2019) |

CM/ECF - U.S. District Court:ilsd                                                    Page 5 of 15
Case 3:19-cv-00096-NJR   Document 108   Filed 02/22/21   Page 42 of 52   Page ID #890
Case: 21-1330       Document: 1-1        Filed: 02/23/2021       Pages: 52

| 06/04/2019 | 22 | MOTION to Dismiss for Failure to State a Claim by American Veterinary Medical Association. Responses due by 7/8/2019 (Ryan, J.) (Entered: 06/04/2019) |
|---|---|---|
| 06/04/2019 | 🔒 23 | MEMORANDUM in Support re 22 MOTION to Dismiss for Failure to State a Claim filed by American Veterinary Medical Association. (Attachments: # 1 Exhibit 1, # 2 Certificate of Service)(Ryan, J.) MEMORANDUM in Support re 22 MOTION to Dismiss for Failure to State a Claim filed by American Veterinary Medical Association. (Attachments: # 1 Exhibit 1, # 2 Certificate of Service)(Ryan, J.) (Entered: 06/04/2019) |
| 06/09/2019 | 24 | MOTION to Seal by All Plaintiffs. (Gunawardana, Subhadra) (Entered: 06/09/2019) |
| 07/03/2019 | 25 | RESPONSE to Motion re 22 MOTION to Dismiss for Failure to State a Claim filed by All Plaintiffs. (Attachments: # 1 Exhibit Exhibit 1) (Gunawardana, Subhadra) (Entered: 07/03/2019) |
| 07/03/2019 | 26 | MEMORANDUM in Opposition re 22 MOTION to Dismiss for Failure to State a Claim filed by All Plaintiffs. (Gunawardana, Subhadra) (Entered: 07/03/2019) |
| 07/04/2019 | 27 | RESPONSE in Opposition re 22 MOTION to Dismiss for Failure to State a Claim *Amended Response in Opposition re 22 MOTION to Dismiss* filed by All Plaintiffs. (Attachments: # 1 Exhibit)(Gunawardana, Subhadra) (Entered: 07/04/2019) |
| 07/04/2019 | 28 | MEMORANDUM in Opposition re 22 MOTION to Dismiss for Failure to State a Claim *AMENDED* filed by All Plaintiffs. (Gunawardana, Subhadra) (Entered: 07/04/2019) |
| 07/29/2019 | 29 | CJRA TRACK B assigned: Final Pretrial Conference set for 2/20/2020 at 9:30 AM in East St. Louis Courthouse before Chief Judge Nancy J. Rosenstengel. Presumptive Jury Trial month set for March 2020. Signed by Chief Judge Nancy J. Rosenstengel on 7/29/2019. (Attachments: # 1 Consent to Magistrate Judge)(drb) (Entered: 07/29/2019) |
| 08/06/2019 | 30 | ORDER SETTING SCHEDULING CONFERENCE. Telephonic Scheduling Conference set for 9/6/2019 at 10:00 AM before Magistrate Judge Mark A. Beatty. Joint Report and Proposed Scheduling and Discovery Order due seven days before the conference. The parties are reminded that the proposed discovery and dispositive motions deadlines must be in compliance with the requirements set forth in this Court's form order. See also SDIL-LR 7.1(f) and Timetable. Instructions for joining the conference call are as follows: Call toll free 877-336-1829; when prompted enter Access Code 4442281; followed by Security Code 1155. Signed by Magistrate Judge Mark A. Beatty on 8/6/2019. (arf) (Entered: 08/06/2019) |
| 08/28/2019 | 31 | Joint MOTION to Continue by American Veterinary Medical Association. (Attachments: # 1 Certificate of Service)(Ryan, J.) (Entered: 08/28/2019) |

CM/ECF - U.S. District Court:ilsd                                                                Page 6 of 15
Case 3:19-cv-00096-NJR   Document 108   Filed 02/22/21   Page 43 of 52   Page ID #891
Case: 21-1330        Document: 1-1        Filed: 02/23/2021        Pages: 52

| 08/29/2019 | 32 | NOTICE REGARDING FILING re 31 Motion to Continue filed by American Veterinary Medical Association. When pleadings contain multiple parties signatures, the non-filing party must include the language "with consent" with his/her signature. See Section 2.1 of the CM/ECF User's Manual. This Notice is sent for informational purposes only. (rah)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/29/2019) |
| --- | --- | --- |
| 08/29/2019 | 33 | ORDER GRANTING 31 Joint Motion to Continue. The Final Pretrial Conference is RESET for **8/20/2020 at 1:30 PM** in East St. Louis Courthouse before Chief Judge Nancy J. Rosenstengel. Presumptive Jury Trial month RESET for **September 2020**. Signed by Chief Judge Nancy J. Rosenstengel on 8/29/2019. (drb)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/29/2019) |
| 08/30/2019 | 34 | STRICKEN. STATUS REPORT *Joint* by American Veterinary Medical Association. (Attachments: # 1 Affidavit Certificate of Service)(Ryan, J.) Modified on 9/3/2019 (kls3). (Entered: 08/30/2019) |
| 09/03/2019 | 35 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 34 Status Report filed by American Veterinary Medical Association. Document should be emailed to appropriate judge; not filed. (See CM/ECF User's Manual at pgs. 2.6-2.7). (kls3)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 09/03/2019) |
| 09/06/2019 | 36 | Minute Entry for proceedings held before Magistrate Judge Mark A. Beatty: Telephonic Scheduling Conference held on 9/6/2019. Plaintiffs Subhadra Gunawardana and David Seely appear pro se. Attorney Marissa Dellacroce appears on behalf of Defendant. Attorney Dellacroce is directed to file an entry of appearance as soon as possible. The Joint Report of the Parties is accepted as submitted. The parties are advised that they can amend interim deadlines by agreement, and without court intervention, as long as the amendments do not affect the overall discovery deadline or dispositive motion deadline. Discovery is to begin immediately. A settlement conference will be set by further order of the Court. Should the parties determine that the case is not ripe for a settlement conference, they should notify the Court prior to the scheduled conference. The parties are reminded of the option to consent to proceed before a Magistrate Judge. (Court Reporter: proceedings not recorded.) (arf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 09/10/2019) |
| 09/10/2019 | 37 | SCHEDULING AND DISCOVERY ORDER: Discovery due by 5/8/2020. Dispositive Motions due by 5/22/2020. Signed by Magistrate Judge Mark A. Beatty on 9/10/2019. (Attachments: # 1 Joint Report of the Parties)(arf) (Entered: 09/10/2019) |
| 09/10/2019 | 38 | ORDER FOR SETTLEMENT CONFERENCE: Settlement Conference |

CM/ECF - U.S. District Court:ilsd                                                                    Page 7 of 15
Case 3:19-cv-00096-NJR   Document 108   Filed 02/22/21   Page 44 of 52   Page ID #892
Case: 21-1330        Document: 1-1        Filed: 02/23/2021        Pages: 52

|  |  | set for 10/17/2019 09:00 AM in East St. Louis Courthouse before Magistrate Judge Mark A. Beatty. Settlement statements due 10/10/19. Signed by Magistrate Judge Mark A. Beatty on 9/10/2019. (arf) (Entered: 09/10/2019) |
|---|---|---|
| 09/12/2019 | 39 | NOTICE of Appearance by Marissa Louise Dellacroce on behalf of American Veterinary Medical Association (Dellacroce, Marissa) (Entered: 09/12/2019) |
| 09/21/2019 | 40 | REQUEST for Admissions by All Plaintiffs.(Gunawardana, Subhadra) (Entered: 09/21/2019) |
| 10/09/2019 | 41 | MOTION to Continue Settlement Conference by Plaintiffs. (arf) (Entered: 10/09/2019) |
| 10/09/2019 | 42 | ORDER: Defendant is directed to file a response, if any, to Plaintiffs' 41 Motion to Continue Settlement Conference on or before 10/15/2019. Signed by Magistrate Judge Mark A. Beatty on 10/9/2019. (arf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/09/2019) |
| 10/10/2019 | 43 | RESPONSE to Motion re 41 MOTION to Continue *Settlement Conference* filed by American Veterinary Medical Association. (Attachments: # 1 Certificate of Service)(Ryan, J.) (Entered: 10/10/2019) |
| 10/10/2019 | 44 | ORDER granting 41 Motion to Continue Settlement Conference. The Settlement Conference is RESET for 2/20/2020 at 9:00 AM in East St. Louis Courthouse before Magistrate Judge Mark A. Beatty. Settlement statements due 2/13/2020. Signed by Magistrate Judge Mark A. Beatty on 10/10/2019. (arf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/10/2019) |
| 10/21/2019 | 45 | STRICKEN NOTICE by American Veterinary Medical Association *Certificate of Service of Defendant's Answers to Plaitifs'' First Requests for Admission, Answers to First Set of Interrogatories and Requests for Production of Documents* (Ryan, J.) Modified on 10/22/2019 (amv). (Entered: 10/21/2019) |
| 10/21/2019 | 46 | MOTION for Protective Order by American Veterinary Medical Association. (Attachments: # 1 Exhibit Plaintiffs' Discovery Requests, # 2 Certificate of Service)(Ryan, J.) (Entered: 10/21/2019) |
| 10/22/2019 | 47 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 45 Notice (Other), filed by American Veterinary Medical Association. See Rule 26.1(b) Filing of Disclosure and Discovery. Interrogatories under Federal Rule of Civil Procedure 33 and the answers thereto, requests for production or inspection under Federal Rule of Civil Procedure 34, and depositions under Federal Rules of Civil Procedure 30 and 31 shall be served upon other counsel or parties but shall not be filed with the court. This includes notice of service of discovery documents. The party responsible for service of the discovery material shall retain the original and become the custodian thereof. (amv)THIS TEXT |

CM/ECF - U.S. District Court:ilsd                                      Page 8 of 15
Case 3:19-cv-00096-NJR   Document 108   Filed 02/22/21   Page 45 of 52   Page ID #893
Case: 21-1330        Document: 1-1        Filed: 02/23/2021        Pages: 52

| | | |
|---|---|---|
| | | ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/22/2019) |
| 10/23/2019 | 48 | ORDER: If Plaintiff wishes to respond or otherwise object to 46 MOTION for Protective Order filed by American Veterinary Medical Association, such response is due on or before November 4, 2019. *See* SDIL-LR 7.1(g). Signed by Magistrate Judge Mark A. Beatty on 10/23/2019. (klh2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/23/2019) |
| 10/29/2019 | 49 | RESPONSE in Opposition re 46 MOTION for Protective Order filed by All Plaintiffs. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3)(Gunawardana, Subhadra) (Entered: 10/29/2019) |
| 11/06/2019 | 50 | ORDER DENYING 46 Motion for Protective Order. Rule 26(c)(1) requires that a motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). The Court takes very seriously, and requires strict compliance with, the requirement that the parties attempt to achieve a resolution on their own before turning to the Court to referee their dispute. Defendant's motion does not contain the required certification, and therefore, the motion is DENIED. The denial is without prejudice to refiling after Defendant meets and confers with Plaintiffs in an effort to resolve the dispute. Signed by Magistrate Judge Mark A. Beatty on 11/6/2019. (klh2) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/06/2019) |
| 11/30/2019 | 51 | First MOTION to Amend/Correct 2 Complaint,, by All Plaintiffs. (Gunawardana, Subhadra) (Entered: 11/30/2019) |
| 12/03/2019 | 52 | ORDER: Pursuant to Administrative Order 257, this case has been selected for reassignment to a Magistrate Judge. Within 21 days of this Order, any party not previously having filed a Notice and Consent to Proceed before a Magistrate Judge Jurisdiction form in this case must file the attached form indicating that party's consent to proceed before a Magistrate Judge or an affirmative declination to consent. The 21-day deadline set forth in this Order does not apply to unserved parties. Deadlines for newly served parties to consent or decline to consent to proceed before a Magistrate Judge will be set by the Court at a later date. A link regarding the magistrate judges in this district is attached for your convenience: http://www.ilsd.uscourts.gov/documents/BenefitsofConsent.pdf. Consent due by 12/26/2019. Signed by Chief Judge Nancy J. Rosenstengel on 12/3/2019. (amv) (Entered: 12/03/2019) |
| 12/12/2019 | 🔒 53 | CONSENT/NON-CONSENT TO U.S. MAGISTRATE JUDGE - sealed pending receipt from all parties. (Gunawardana, Subhadra) (Entered: 12/12/2019) |
| | | |

CM/ECF - U.S. District Court:ilsd                                                                 Page 9 of 15
Case 3:19-cv-00096-NJR   Document 108   Filed 02/22/21   Page 46 of 52   Page ID #894
Case: 21-1330        Document: 1-1        Filed: 02/23/2021        Pages: 52

| 12/13/2019 | 54 | NOTICE: A party to this action has declined to consent to magistrate judge jurisdiction. Accordingly, pursuant to Administrative Order 257, effective immediately, this case will no longer be referred to a Magistrate Judge for pretrial proceedings. Magistrate Judge Mark A. Beatty no longer assigned to the case. All future documents must bear case number 19-96-NJR. (kdw)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 12/13/2019) |
| --- | --- | --- |
| 12/20/2019 | 55 | ORDER: The undersigned District Judge refers this matter to Magistrate Judge Mark A. Beatty for the previously scheduled settlement conference. The Settlement Conference remains set for **2/20/2020 at 9:00 AM** in East St. Louis Courthouse before Magistrate Judge Mark A. Beatty. Settlement statements due 2/13/2020. Signed by Chief Judge Nancy J. Rosenstengel on 12/20/2019. (drb)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 12/20/2019) |
| 12/23/2019 | 56 | MOTION for Discovery by All Plaintiffs. (Gunawardana, Subhadra) (Entered: 12/23/2019) |
| 12/23/2019 | 57 | ORDER: A response to the 56 Motion for Discovery is due on or before December 30, 2019. (Responses due by 12/30/2019). Signed by Chief Judge Nancy J. Rosenstengel on 12/23/2019. (bak)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 12/23/2019) |
| 12/26/2019 | 58 | NOTICE of Hearing: Telephonic Status Conference set for 2/4/2020 at 3:00 PM in East St. Louis Courthouse before Magistrate Judge Mark A. Beatty to discuss the parties' readiness for the settlement conference set 2/20/2020. Instructions for placing the conference call are as follows: Call toll free 877-336-1829; when prompted, enter Access Code 4442281; followed by Security Code 4472. (arf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 12/26/2019) |
| 12/27/2019 | 59 | CONSENT/NON-CONSENT TO U.S. MAGISTRATE JUDGE - sealed pending receipt from all parties. (Ryan, J.) (Entered: 12/27/2019) |
| 12/30/2019 | 60 | RESPONSE to 56 Motion for Discovery filed by American Veterinary Medical Association. (Attachments: # 1 Certificate of Service)(Ryan, J.) (Entered: 12/30/2019) |
| 01/01/2020 | 61 | ORDER: The Court GRANTS Defendant's request in its 60 Response to Motion for Discovery for more time to comply with Plaintiffs' discovery request. Defendant now has until January 13, 2020 to produce the remaining documents previously negotiated between the parties. Plaintiffs' 56 Motion for Discovery is DENIED as MOOT. Signed by Chief Judge Nancy J. Rosenstengel on 1/1/2020. (anb2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/01/2020) |
| 01/06/2020 | 62 | ORDER GRANTING 51 Motion to Amend/Correct Complaint. The |

| | | proposed pleading may be filed by January 16, 2020. Defendant's 22 Motion to Dismiss for Failure to State a Claim is DENIED as MOOT. Signed by Chief Judge Nancy J. Rosenstengel on 1/6/2020. (anb2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/06/2020) |
|---|---|---|
| 01/12/2020 | 63 | AMENDED COMPLAINT against All Defendants, filed by All Plaintiffs. (Attachments: # 1 Exhibit)(Gunawardana, Subhadra) (Entered: 01/12/2020) |
| 01/13/2020 | 64 | MOTION for Protective Order by American Veterinary Medical Association. (Attachments: # 1 Certificate of Service)(Ryan, J.) (Entered: 01/13/2020) |
| 01/14/2020 | 65 | ORDER: If Plaintiffs wish to respond or otherwise object to 64 Motion for Protective Order filed by American Veterinary Medical Association, such response is due on or before January 21, 2020. Signed by Chief Judge Nancy J. Rosenstengel on 1/14/2020. (anb2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/14/2020) |
| 01/20/2020 | 66 | RESPONSE in Opposition re 64 MOTION for Protective Order filed by All Plaintiffs. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Gunawardana, Subhadra) (Entered: 01/20/2020) |
| 01/24/2020 | 67 | NOTICE of Hearing: On the Court's own motion, the Telephonic Status Conference is RESET for 2/5/2020 at 3:00 PM in East St. Louis Courthouse before Magistrate Judge Mark A. Beatty to discuss the parties' readiness for the settlement conference set 2/20/2020. Instructions for placing the conference call are as follows: Call toll free 877-336-1829; when prompted, enter Access Code 4442281; followed by Security Code 4472. (arf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/24/2020) |
| 01/30/2020 | 68 | ORDER REFERRING MATTER to Magistrate Judge Mark A. Beatty: The undersigned District Judge refers this matter to Magistrate Judge Mark A. Beatty for the previously scheduled telephonic status conference and settlement conference. Signed by Chief Judge Nancy J. Rosenstengel on 1/30/2020. (drb)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/30/2020) |
| 02/05/2020 | 69 | Minute Entry for proceedings held before Magistrate Judge Mark A. Beatty: Telephonic Status Conference held on 2/5/2020. Plaintiffs Subhadra Gunawardana and David Seely appear. Attorney Marissa Dellacroce appears on behalf of Defendant AVMA. The settlement conference remains set for 2/20/2020. The parties are directed to meet and confer to discuss discovery issues prior to the settlement conference. If the parties determine that a settlement conference would not be beneficial at this time, they are directed to notify the Court immediately. |

CM/ECF - U.S. District Court:ilsd                                Page 11 of 15
Case 3:19-cv-00096-NJR   Document 108   Filed 02/22/21   Page 48 of 52   Page ID #896
Case: 21-1330        Document: 1-1        Filed: 02/23/2021        Pages: 52

| | | |
|---|---|---|
| | | The parties are directed to review the Court's case management procedures regarding settlement conferences. (Court Reporter: proceedings not recorded.) (arf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 02/06/2020) |
| 02/18/2020 | 70 | NOTICE of Hearing (changing time only): On the Court's own motion, the Settlement Conference is RESET set for 2/20/2020 at 9:30 AM in East St. Louis Courthouse before Magistrate Judge Mark A. Beatty. (arf) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 02/18/2020) |
| 02/19/2020 | 71 | NOTICE of Hearing (changing time only): Settlement Conference RESET for 2/20/2020 at 10:00 AM in East St. Louis Courthouse before Magistrate Judge Mark A. Beatty. (arf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 02/19/2020) |
| 02/20/2020 | 72 | Minute Entry for proceedings held before Magistrate Judge Mark A. Beatty: Settlement Conference held on 2/20/2020. Plaintiffs Subhadra Gunawardana and David Seely appear pro se. Attorney J. Hayes Ryan, along with Isham Jones and David Garnstrom, appear on behalf of Defendant American Veterinary Medical Association. The case did not settle. (Court Reporter: proceedings not recorded.) (arf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 02/20/2020) |
| 02/20/2020 | 73 | NOTICE: All specially referred matters (settlement conference) completed. Magistrate Judge Mark A. Beatty terminated. (arf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 02/20/2020) |
| 03/05/2020 | 74 | Second MOTION for Discovery by All Plaintiffs. (Gunawardana, Subhadra) (Entered: 03/05/2020) |
| 04/09/2020 | 75 | ORDER denying 64 Motion for Protective Order. Signed by Chief Judge Nancy J. Rosenstengel on 4/9/2020. (dhg) (Entered: 04/09/2020) |
| 05/04/2020 | 76 | Order re Plaintiffs' 74 Second Motion for Discovery. Plaintiffs' Motion is GRANTED and the Court INSTRUCTS Plaintiffs to file their motion to compel discovery. Signed by Chief Judge Nancy J. Rosenstengel on 5/4/2020. (anb2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 05/04/2020) |
| 06/19/2020 | 77 | First MOTION to Compel by All Plaintiffs. (Gunawardana, Subhadra) (Entered: 06/19/2020) |
| 06/19/2020 | 78 | MEMORANDUM in Support re 77 First MOTION to Compel filed by All Plaintiffs. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Gunawardana, Subhadra) (Entered: 06/19/2020) |
| 06/22/2020 | 79 | ORDER: Defendants shall respond to 77 First Motion to Compel filed |

CM/ECF - U.S. District Court:ilsd                                                    Page 12 of 15
Case 3:19-cv-00096-NJR   Document 108   Filed 02/22/21   Page 49 of 52   Page ID #897
Case: 21-1330        Document: 1-1        Filed: 02/23/2021        Pages: 52

| | | by Plaintiffs on or before July 6, 2020. Signed by Chief Judge Nancy J. Rosenstengel on 6/22/2020. (anb2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/22/2020) |
|---|---|---|
| 06/22/2020 | 80 | MOTION to Dismiss for Failure to State a Claim by American Veterinary Medical Association. Responses due by 7/27/2020 (Ryan, J.) (Entered: 06/22/2020) |
| 06/22/2020 | 81 | MEMORANDUM in Opposition re 80 MOTION to Dismiss for Failure to State a Claim filed by American Veterinary Medical Association. (Ryan, J.) (Entered: 06/22/2020) |
| 07/05/2020 | 82 | First MOTION for Extension of Time by All Plaintiffs. (Gunawardana, Subhadra) (Entered: 07/05/2020) |
| 07/06/2020 | 83 | RESPONSE to Motion re 74 Second MOTION for Discovery filed by American Veterinary Medical Association. (Ryan, J.) (Entered: 07/06/2020) |
| 07/06/2020 | 84 | NOTICE by American Veterinary Medical Association re 83 Response to Motion (Ryan, J.) (Entered: 07/06/2020) |
| 07/07/2020 | 85 | ORDER SETTING TELEPHONIC STATUS CONFERENCE: A Telephonic Status Conference is set for **7/22/2020 at 9:30 AM** with Chief Judge Nancy J. Rosenstengel. Instructions for the conference call are as follows: (1) call toll-free, **877-336-1831**; (2) when prompted, enter the seven-digit Access Code: **9139610**; (3) when prompted, enter the four-digit Security Code: **9342**. Signed by Chief Judge Nancy J. Rosenstengel on 7/7/2020. (drb)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/07/2020) |
| 07/22/2020 | 86 | Minute Entry for proceedings held before Chief Judge Nancy J. Rosenstengel: Telephonic Status Conference held on 7/22/2020. Subhadra Gunawardana, David Seely, and Marissa Dellacroce participated. The parties raised the issue of outstanding discovery sought by Plaintiffs. When the Court denied Defendants' Motion for a Protective Order (Doc. 64 ) in April, the Court cleared the way for Plaintiffs to receive the discovery related to their production requests 4, 6, 7, and 8 (Docs. 66-1, 75 ). Nonetheless, Defendants are apparently still refusing to produce responses in full. The Court now explicitly ORDERS Defendants to produce discovery related to requests 4, 6, 7, and 8, including the examiner's instructions and manual of administration in full. The Court has reviewed the redactions to the manual produced today and finds them inappropriate. Defendants' disregard for an order of this Court is alarming, and the Court will not hesitate to impose sanctions in the future for such evasive conduct. In all other disputes related to the Motion to Compel, the parties are ORDERED to meet and confer before asking for the Court's guidance again and should update the Court after that conference. The Court will keep the Motion to Compel active in the meantime to assure full compliance and, hopefully, |

CM/ECF - U.S. District Court:ilsd                                Page 13 of 15
Case 3:19-cv-00096-NJR   Document 108   Filed 02/22/21   Page 50 of 52   Page ID #898
Case: 21-1330        Document: 1-1        Filed: 02/23/2021        Pages: 52

| | | |
|---|---|---|
| | | a full resolution to the remainder of the discovery disputes. Plaintiffs shall respond to the Motion to Dismiss (Doc. 80) on or before September 4, 2020.(Court Reporter Stephanie Rennegarbe.) (drb)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/22/2020) |
| 08/06/2020 | 87 | NOTICE by American Veterinary Medical Association *Certificate of Service of First Set of Interrogatories, First Set of Requests for Production of Documents and First Set of Requests for Admission to Plaintiffs* (Dellacroce, Marissa) (Entered: 08/06/2020) |
| 08/12/2020 | 88 | ORDER GRANTING 82 First Motion for Extension of Time filed by Subhadra Gunawardana, David Seely. Final Pretrial Conference is RESET for 4/20/2021 at 1:30 PM in East St. Louis Courthouse before Chief Judge Nancy J. Rosenstengel. Presumptive Jury Trial Month is RESET for May 2021. Expert witnessed to be disclosed by 12/7/20. All discovery, including depositions, due by 1/6/2021. All dispositive motions due by 1/21/2021. Signed by Chief Judge Nancy J. Rosenstengel on 8/12/2020. (drb)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/12/2020) |
| 08/13/2020 | 89 | STRICKEN NOTICE by American Veterinary Medical Association *Certificate of Service of Defendant's Amended Answers to Plaintiffs' Requests for Admission* (Ryan, J.) Modified on 8/14/2020 (ack). (Entered: 08/13/2020) |
| 08/14/2020 | 90 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 89 Notice (Other) filed by American Veterinary Medical Association. The document contains a standalone Certificate of Service. Notices of Filing and Certificates of Service should only be filed as the final page of a pleading, and not a standalone document. (ack)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/14/2020) |
| 08/31/2020 | 91 | RESPONSE in Opposition re 80 MOTION to Dismiss for Failure to State a Claim filed by All Plaintiffs. (Gunawardana, Subhadra) (Entered: 08/31/2020) |
| 08/31/2020 | 92 | MEMORANDUM in Opposition re 80 MOTION to Dismiss for Failure to State a Claim filed by All Plaintiffs. (Gunawardana, Subhadra) (Entered: 08/31/2020) |
| 09/06/2020 | 93 | NOTICE by All Plaintiffs re 87 Notice (Other) *Response to Defendants' Requests for Admission* (Gunawardana, Subhadra) (Entered: 09/06/2020) |
| 09/30/2020 | 94 | *Second* REQUEST for Admissions by All Plaintiffs.(Gunawardana, Subhadra) (Entered: 09/30/2020) |
| 11/05/2020 | 95 | NOTICE by All Plaintiffs (Gunawardana, Subhadra) (Entered: 11/05/2020) |
| 11/05/2020 | 96 | Second MOTION to Amend/Correct *Complaint* by All Plaintiffs. |

CM/ECF - U.S. District Court:ilsd                                                    Page 14 of 15
Case 3:19-cv-00096-NJR   Document 108   Filed 02/22/21   Page 51 of 52   Page ID #899
Case: 21-1330          Document: 1-1          Filed: 02/23/2021          Pages: 52

| | | (Gunawardana, Subhadra) (Entered: 11/05/2020) |
|---|---|---|
| 11/09/2020 | 97 | ORDER denying 96 Motion to Amend/Correct Complaint. On September 10, 2019, Magistrate Judge Beatty approved of the Parties' Joint Report and Proposed Scheduling and Discovery Order. In the order, motions to amend the pleadings were to be filed by December 5, 2019. Additionally, Defendant American Veterinary Medical Association's Motion to Dismiss is fully briefed and it would be prejudicial to Defendants to allow Plaintiffs Subhadra Gunawardana and David Seely to amend their complaint. Signed by Chief Judge Nancy J. Rosenstengel on 11/9/2020.(drr)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/09/2020) |
| 12/21/2020 | 98 | MOTION for Extension of Time by All Plaintiffs. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Gunawardana, Subhadra) (Entered: 12/21/2020) |
| 12/21/2020 | 99 | RESPONSE in Opposition re 98 MOTION for Extension of Time *to Extend Trial Deadlines and Compel Deposition* filed by American Veterinary Medical Association. (Ryan, J.) (Entered: 12/21/2020) |
| 12/21/2020 | 100 | NOTICE by American Veterinary Medical Association re 99 Response in Opposition to Motion (Ryan, J.) (Entered: 12/21/2020) |
| 12/21/2020 | 101 | REPLY to Response to Motion re 98 MOTION for Extension of Time filed by All Plaintiffs. (Attachments: # 1 Exhibit)(Gunawardana, Subhadra) (Entered: 12/21/2020) |
| 12/22/2020 | 102 | ORDER GRANTING 98 Motion for Extension of Time filed by Subhadra Gunawardana, David Seely. Final Pretrial Conference will be RESET by a separate order. Presumptive Jury Trial Month is RESET for July 2021. All witnesses should have been disclosed by 12/7/20. However, Defendants did not provide plaintiff with the 30(b)(6) witness until December 16, 2020 (Doc. 98-3, p. 4). As a result, all discovery, including depositions, are now due by 3/8/2021. All dispositive motions due by 3/22/2021. This Court will not compel the deposition of Dr. Andrew Claude as Plaintiffs Gunawardana and Seely have not properly issued Dr. Claude a subpoena for his deposition. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Clerk of the Court is DIRECTED to send Plaintiff Subhadra Gunawardana a signed AO88, titled Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action, but otherwise leave the AO88 blank for Plaintiff Gunawardana to fill out appropriately to secure the deposition of Dr. Andrew Claude. Plaintiff Gunawardana is reminded that she must follow the Federal Rules of Civil Procedure. Signed by Chief Judge Nancy J. Rosenstengel on 12/22/2020.(drr)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 12/22/2020) |
| 12/22/2020 | | Set/Reset Scheduling Order Deadlines: Discovery due by 3/8/2021. Dispositive Motions due by 3/22/2021. (ack) (Entered: 12/22/2020) |

CM/ECF - U.S. District Court:ilsd                                      Page 15 of 15
Case 3:19-cv-00096-NJR   Document 108   Filed 02/22/21   Page 52 of 52   Page ID #900
Case: 21-1330      Document: 1-1      Filed: 02/23/2021      Pages: 52

| 12/22/2020 | 103 | NOTICE REGARDING FILING re 100 Notice (Other) filed by American Veterinary Medical Association. Certificates of Service should not be filed as a stand alone document. This Notice is sent for informational purposes only. No further action required at this time. (ack)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 12/22/2020) |
| --- | --- | --- |
| 01/28/2021 | 104 | ORDER GRANTING 80 Motion to Dismiss Plaintiffs' Amended Complaint filed by Defendant American Veterinary Medical Association. Plaintiffs' claims are DISMISSED with prejudice. The Clerk of Court is DIRECTED to enter judgment accordingly. Signed by Chief Judge Nancy J. Rosenstengel on 1/28/2021. (drr) (Entered: 01/28/2021) |
| 01/28/2021 | 105 | CLERK'S JUDGMENT. Approved by Chief Judge Nancy J. Rosenstengel on 1/28/2021. (drr) (Entered: 01/28/2021) |
| 02/22/2021 | 106 | NOTICE OF APPEAL as to 105 Judgment, 104 Order on Motion to Dismiss for Failure to State a Claim, by All Plaintiffs. Filing fee $ 505, receipt number 0754-4409300. (Gunawardana, Subhadra) (Entered: 02/22/2021) |
| 02/22/2021 | 107 | DOCKETING STATEMENT by All Plaintiffs re 106 Notice of Appeal (Gunawardana, Subhadra) (Entered: 02/22/2021) |