# NO. 21-1330

# IN THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Subhadra Gunawardana and David Seely
*Plaintiffs-Appellants*

v.

American Veterinary Medical Association (AVMA), Educational Commission for Foreign Veterinary Graduates (ECFVG) and Council on Education (COE)
*Defendants-Appellees*

---

On Appeal from the United States District Court for the
Southern District of Illinois, Case No. 3:19-cv-00096-NJR
The Honorable Judge Nancy J. Rosenstengel

---

# PETITION FOR REHEARING AND REHEARING EN BANC OF PLAINTIFFS-APPELLANTS SUBHADRA GUNAWARDANA AND DAVID SEELY

---

Subhadra Gunawardana
David Seely
4308 Marion Garden Ln
Florissant, MO 63034
314-764-1520; 615-423-8851
subhadra.gunawardana@wustl.edu
david-seely@live.com

# Table of Contents

Table of Authorities ..........................................................................................ii

ABBRIEVIATIONS ........................................................................................ v

RULE 35(b)(1) STATEMENT..................................................................... 1

ARGUMENT ................................................................................................ 4

I.     The opinion held that the Defendant is unconditionally protected by their release, regardless of willful misconduct. ...................................................... 4

II.     The opinion enables ongoing violations of equal protections by the AVMA, causing a far-reaching negative impact in the veterinary profession. ...................... 6

III.     The Opinion affirmed dismissal of claims under an erroneously stringent standard, thus conflicting with this Court's recent rulings addressing Rule 8 Pleading Standard. ......................................................................................... 8

IV.     The Opinion affirming dismissal without leave to amend non-futile claims, when the timing of their motion to amend was beyond Plaintiffs' control, conflicts with the Supreme Court's standard on amendments. ............................................. 10

V.     Does the Court's wide discretion extend to creating a double standard and using non-existent rules?........................................................................... 12

VI.     The Opinion conflicts with the Supreme Court's well-established standards recognizing that pro-se litigants should be afforded some leeway in procedural matters. ....................................................................................................... 15

CONCLUSION............................................................................................ 16

CERTIFICATE OF COMPLIANCE............................................................ 17

CERTIFICATE OF SERVICE ...................................................................... 17

## Table of Authorities
### *Cases*

*Airborne v. AT&T*, 499 F.3d 663 (7th Cir. 2007) ........................................................ 12

*Bank v. Lake of the Torches Econ. Dev. Corp..,* 658 F.3d 684 (7th Cir. 2011) ....... 3, 11

*Barry Aviation v. Land O'Lakes Mun. Airport*, 377 F.3d 682 (7th Cir. 2004) .......... 12

*Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir.1992) ................ 9

*Bausch v. Stryker Corp.*, 630 F.3d 546, 18 559–62 (7th Cir.2010) ........................... 2, 9

*Bell v. Publix Super Mkts.,* 982 F.3d 468 (7th Cir. 2020) ...................................... 2, 14

*Brentwood Acad. v. Tenn. Secondary Sch. Athletic Assoc,* 531 U.S. 288, 295-96, 121

    S.Ct. 924, 930, 148 L.Ed.2d 807 (2001) .................................................................... 7

*Burton v. Ghosh*, 961 F.3d 960 (7th Cir. 2020) ........................................................ 15

*Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) ..................... 2, 9, 14

*Carter v. HSBC Mortgage Services, Inc.*, 622 F. App'x 783 (11th Cir. 2015) ........... 12

*Cf. McCurry v. Kenco Logistics Services, LLC*, 942 F.3d 783, 792 (7th Cir. 2019) 2, 14

*Cf. Whitfield v. Howard*, 852 F.3d 656, 660-61 (7th Cir. 2017) ................................ 16

*Chaudhry v. Nucor Steel–Indiana*, 546 F.3d 832, 838–39 (7th Cir.2008) ............. 3, 11

*Crespo v. Colvin*, 824 F.3d 667 (7th Cir. 2016) ...................................................... 2, 14

*Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir.2004) ............. 3, 11

*Estelle v. Gamble*, 429 U. S. 97, 106 (1976) .......................................................... 3, 15

*Flint v. City of Belvidere,* 791 F.3d 764 (7th Cir. 2015) ............................................. 15

*Foman v. Davis*, 371 U.S. 178; 83 S.Ct. 227; 9 L.Ed.2d 222 (1962) ...................... 2, 10

*Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ............................................. 3, 11

*Gonzalez-Koeneke v. West*, No. 14-2619 (7th Cir. 2015) ............................................ 12

*Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) ........... 3, 16

*Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009)................................................................................................................ 1, 7

*Hamer v. Neighborhood Hous. Servs. of Chi.*, 897 F.3d 835 (7th Cir. 2018) ......... 2, 13

*Horne v. Elec. Eel Mfg. Co.*, 987 F.3d 704 (7th Cir. 2021).................................... 1, 5, 9

*Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980............................ 15

*In re Abbott Lab. Derivative Shareholders*, 325 F.3d 795 (7th Cir. 2003).................... 5

*Johnson v. Precythe*, No. 20-287 (May 24, 2021) .................................................... 3, 11

*Krivak v. Home Depot U.S.A.*, Inc., No. 20-1276 (7th Cir. June 17, 2021); *United States v. Norwood,* No. 19-3273 (7th Cir. May 6, 2020) .................................................... 13

*Liebhart v. SPX Corp.*, 917 F.3d 952, 965–66 (7th Cir. 2019) .................................. 12

*Marquez v. Mineta*, 424 F.3d 539 (7ᵗʰ Cir. 2005) ...................................................... 15

*O'Halloran v. First Union Nat'l Bank of Fla.*, 350 F.3d 1197, 1206 (11th Cir. 2003) ............................................................................................................................ 12

*Parker v. Four Seasons Hotels, Ltd*. 845 F.3d 807, 811 (7th Cir. 2017) ............... 3, 16

*Roberts v. T.H.E. Ins. Co.*, 2016 WI 20 (Mar. 30, 2016) ............................................. 5

*Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510 (7th Cir. 2015)............. 9, 11,13

*Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 252 (7th Cir. 1994)..

*Sanjuan* .................................................................................... 1, 4, 5, 8, 9

*Satkar Hospitality, Inc. v. Fox Television Holdings*, 767 F.3d 701 (7th Cir. 2014) .. 15

*Sause v. Bauer*, 138 S. Ct. 2561 (2018) ..................................................... 16

*Scheck v. Chicago Transit Authority*, 42 Ill.2d 362, 247 N.E.2d 886 (1969) .............. 9

*Swanson v. Citibank, N.A.*, 614 F.3d 400,404 (7th Cir. 2010) ......................... 2, 9, 13

*Thompson v. Ill. Dep't of Pro. Regul.*, 300 F.3d 750, 759 (7th Cir. 2002) ................. 12

*Twombly* ................................................................................. 13

*Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 419 n.2 (7th Cir. 2019) .............. 6, 14

*United States v. Berkowitz* , 927 F.2d 1376, 1384 (7th Cir. 1991) ........................... 14

*United States v. Norwood,* No. 19-3273 (7th Cir. May 6, 2020) ............................... 13

*Whitfield v. Howard*, 852 F.3d 656, 660-61 (7th Cir. 2017) ......................................... 3

## Rules

Federal Rule of Civil Procedure 8 ............................................................. 2, 9

FRCP 12 ..................................................................................... 1, 12

Rule 12(b)6 ..................................................................................... 2

## ABBRIEVIATIONS

Appellant's Brief: AB

Federal Rules of Appellate Procedure: FRAP

Federal Rules of Civil Procedure: FRCP

First amended complaint: FAC

Second amended complaint: SAC

## RULE 35(b)(1) STATEMENT

Regarding the panel disposition issued on October 25, 2021 [hereafter "The Opinion"] Plaintiffs-Appellants request full consideration of the Court for the following reasons.

First, this proceeding involved questions of exceptional importance.

1. The Opinion held that the Defendant is unconditionally protected by their liability release, regardless of proven willful misconduct. This ruling conflicts with public policy, and prior rulings of this Court [*Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 252 (7th Cir. 1994); *Horne v. Elec. Eel Mfg. Co.*, 987 F.3d 704 (7th Cir. 2021)]. It sets a precedent where corporations can use releases to intentionally harm signees and violate their constitutional rights.

2. The Opinion endorsed ongoing violations of equal protections in the veterinary profession. The Panel's conclusion that AVMA is not a state actor, made without considering all facts, conflicts with the Supreme Court rulings that deemed private organizations to be state actors under certain conditions, as cited in *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009).

3. Does the Court's wide discretion extend to applying non-existent rules? This question warrants full consideration of the Court. Defendant's second motion to dismiss was filed months late, without leave. Plaintiffs moved to strike, with authority, in their response. While FRCP 12 sets deadlines for answers and motions to dismiss, there is no rule dictating a deadline to move to strike an

1

untimely motion. Similarly, there is no rule stating that objections not presented orally at a status conference are waived. District Court's ruling that Plaintiffs waived their objections, and the Panel's ruling that the motion to strike was belated, are backed by no rule or precedent. This ruling conflicts with the limited precedents on waivers [*Hamer v. Neighborhood Hous. Servs. of Chi.*, 897 F.3d 835 (7th Cir. 2018); *Bell v. Publix Super Mkts.,* 982 F.3d 468 (7th Cir. 2020)] and with the established standard that arguments presented must be backed by authority. *Crespo v. Colvin*, 824 F.3d 667 (7th Cir. 2016); *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 419 n.2 (7th Cir. 2019); *Cf. McCurry v. Kenco Logistics Services, LLC*, 942 F.3d 783, 792 (7th Cir. 2019)

Second, the Opinion conflicts with prior rulings of the Supreme Court and this Court.

1. The Opinion affirmed dismissal of claims under a standard more stringent than that recommended for Rule 12(b)6 motions, and conflicts with this Court's post-*Twombly* rulings addressing the Rule 8 Pleading Standard: *Runnion v.Girl Scouts of Greater Chi.*, 786 F.3d 510 (7th Cir. 2015); *Swanson v. Citibank, N.A.*, 614 F.3d 400,404 (7th Cir. 2010); *Bausch v. Stryker Corp.*, 630 F.3d 546, 18 559–62 (7th Cir.2010); *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014).

2. The Opinion affirmed denial of leave to amend, and dismissal of claims without considering the sufficiency of the proposed second amended complaint [SAC]. This ruling conflicts with the Supreme Court's well-established standard of "liberally granting leave to amend when justice so requires [*Foman v. Davis*, 371 U.S. 178;

83 S.Ct. 227; 9 L.Ed.2d 222 (1962); *Johnson v. Precythe*, No. 20-287 (May 24, 2021)], **particularly relevant here since the circumstances were beyond Plaintiffs' control**. It also conflicts with many prior rulings of this Court: *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir.2004); *Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510 (7th Cir. 2015); *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Chaudhry v. Nucor Steel–Indiana*, 546 F.3d 832, 838–39 (7th Cir.2008); *Bank v. Lake of the Torches Econ. Dev. Corp..,* 658 F.3d 684 (7th Cir. 2011)

3. The opinion upholds a double standard. Having tolerated numerous violations, misrepresentations and misconduct from the Defendant, the Court imposed the draconian sanction of dismissal on the Plaintiffs who did nothing wrong.  As the record shows, the Court held the pro-se plaintiffs to a higher standard than the corporate defendant, which the Panel affirmed. This ruling conflicts with the Supreme Court's well-established standard that pro-se litigants should be afforded some leeway in procedural matters [*Haines v. Kerner*, 404 U.S. 519 (1972); *Estelle* v. *Gamble*, 429 U. S. 97, 106 (1976)] and this Court's prior rulings [*Cf. Whitfield v. Howard*, 852 F.3d 656, 660-61 (7th Cir. 2017); *Parker v. Four Seasons Hotels, Ltd*. 845 F.3d 807, 811 (7th Cir. 2017)].

# ARGUMENT

## I. The opinion held that the Defendant is unconditionally protected by their release, regardless of willful misconduct.

The Opinion affirmed that most claims are barred by the release, under *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 252 (7th Cir. 1994). Exceptions to enforcing a release include economic necessity, arbitrary and unreasonable conduct by Defendant, and Defendant not being a private association. Additionally, willful and wanton acts provide a blanket exception [*Sanjuan*]. The Panel acknowledged that economic necessity applies here, but chose to enforce the release regardless. The Panel **did not** analyze the remaining exceptions.

The first amended complaint [FAC] alleged how the ECFVG process violates candidates' constitutional rights [¶¶34-41,46-53,72,73,85,86,99]. It alleged facts showing the adverse actions taken against Dr. Gunawardena were arbitrary, unreasonable and intentional [FAC ¶¶15-19,24-26]. It stated several facts that make AVMA a state actor [¶¶71,74-81], and how AVMA is not equivalent to the stand-alone certifying boards [¶¶42-45,50-52] such as the one in *Sanjuan* [Appellant's brief [AB] ¶¶114,138-140].

Defendant intentionally withheld critical evidence for 11 months [AB ¶¶5,17-19,37-49]. When produced, these documents provided conclusive evidence demonstrating that Defendant's actions were **willful and intentional** [SAC p7 ¶19, p20-23 ¶¶ 63-70]. [For example, they showed that the failing grade in question is erroneous, and that ECFVG officials went to great lengths to conceal this from

4

Gunawardana] They further showed that ECFVG was created at the request of state regulatory boards, making AVMA a state actor beyond doubt [SAC p29 ¶90].

The release is not enforceable because it enables AVMA take willful and wanton adverse actions against individuals, and violate constitutional rights. The Panel's Opinion conflicts with the very case they relied on to uphold dismissal. As quoted in *Sanjuan*: "Illinois does not enforce contracts exculpating persons from the consequences of their wilful and wanton acts. Downing v. United Auto Racing Association, 211 Ill.App.3d 877, 156 Ill.Dec. 352, 570 N.E.2d 828 (1st Dist.1991); cf. Scheck v. Chicago Transit Authority, 42 Ill.2d 362, 247 N.E.2d 886 (1969)."

The release also violates public policy through unequal bargaining power [FAC¶¶55,57; SAC ¶¶58,60]. The Opinion conflicts with *Horne v. Elec. Eel Mfg. Co.*, 987 F.3d 704 (7th Cir. 2021), which stated: "Bargaining relationships that potentially violate public policy include those between parties where there is such a disparity of bargaining power that the agreement does not represent a free choice on the part of the plaintiff, such as a monopoly or involving a plaintiff without a reasonable alternative."

The opinion conflicts with prior decisions of this court, and state supreme courts: *In re Abbott Lab. Derivative Shareholders*, 325 F.3d 795 (7th Cir. 2003) [Holding that liability waiver does not exempt the directors from acts of bad faith and intentional misconduct]; *Roberts v. T.H.E. Ins. Co.*, 2016 WI 20 (Mar. 30, 2016) [Holding that waiver unenforceable as a matter of law because it was overly broad and all-inclusive; It absolved the operator from any injury, from any activity, and for

5

any reason, known or unknown, and did not offer the plaintiff any opportunity to bargain or negotiate in regard to the language.]

The Opinion sets a new precedent enabling corporations to conduct any act of willful harm using a release. This goes counter to public policy, and warrants the full consideration of the Court.

## II. The opinion enables ongoing violations of equal protections by the AVMA, causing a far-reaching negative impact in the veterinary profession.

AVMA decides who can enter the veterinary profession the USA, through its monopoly on accreditation of veterinary education programs/institutions and certification of graduates from non-accredited programs/institutions. Per current federal and state regulations, any veterinarian wishing to practice in the USA is required to either graduate from [or complete a specific program in] an AVMA-accredited institution, or obtain certification through the ECFVG program administered by AVMA.   AVMA's policies treat foreign veterinary graduates unequally to their professional counterparts including domestic veterinary graduates and both foreign and domestic medical graduates.  In *human medicine*, all applicants wishing to practice in the US take the same set of exams, regardless of their country of origin or institution of graduation.  In contrast, AVMA policies place a greater burden on foreign graduates from non-accredited institutions by subjecting them to an additional set of exams not required of their professional counterparts; at a huge financial cost; without transparency or regulation; and without adequate disability

6

accommodations. The mere existence of the ECFVG program in its current form is a segregation policy that violates the equal protection clause of the 14th amendment. [AB ¶¶9,10].

District Court dismissed the claim citing the release and that AVMA is a not a state actor. When affirming, the Panel did not consider that the release is unenforceable due to willful misconduct and other reasons as stated above, or that the AVMA *is* a state actor because a)their certification arm was created at the behest of the state regulatory boards [SAC p29], b)their functions of accreditation, certification, and administration of federal funds represent the exercise of a right or privilege created by the state, and c)due to excessive entwinement with the government [FAC ¶¶71-80; SAC ¶¶90-96; AB p45-48].

The Opinion conflicts with Supreme Court and Seventh Circuit precedent. *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Assoc,* 531 U.S. 288, 295-96, 121 S.Ct. 924, 930, 148 L.Ed.2d 807 (2001).

"The Supreme Court has identified numerous situations when private conduct takes on the color of law." *Hallinan v. Frat. Order of Police of Chicago,* 570 F.3d 811 (7th Cir. 2009): Private action can become state action when: private actors conspire or are jointly engaged with state actors to deprive a person of constitutional rights; when the state controls a nominally private entity; when it is entwined with its management or control; when the state delegates a public function to a private entity; or when there is such a close nexus between the state and the challenged action that seemingly private behavior reasonably may be treated as that of the state itself.

7

This ruling will perpetuate equal protection violations. While state governments allegedly regulate the veterinary profession for the well-being of the patients and the public, they have delegated to AVMA the power to dictate who enters the field, sometimes with disastrous consequences (*USA v. Madden,* Florida Southern District Court, Case No. 1:21-cr-20248).

### III. The Opinion affirmed dismissal of claims under an erroneously stringent standard, thus conflicting with this Court's recent rulings addressing Rule 8 Pleading Standard.

Most claims were dismissed citing the release. As stated above, a release does not exculpate the creators from the consequences of their willful and wanton acts [*Sanjuan*]. The FAC alleged such actions with information available at the time [FAC ¶¶15-19,24-26]. Upon receipt of withheld documents, Plaintiffs had conclusive evidence demonstrating that Defendant's actions were willful and intentional [SAC ¶¶19,62-70], which would make the release unenforceable. In dismissing the claims, District Court did not consider the relevant facts already alleged in the FAC, nor the revised facts in the proposed SAC.

With available information, the FAC also stated several reasons why AVMA is a state actor [FAC ¶¶71,74-81], and alleged possible conspiracies under Sherman act and §1985(3) [FAC ¶¶5,89-94,98,99]. Again, conclusive evidence was received when discovery was finally produced [SAC ¶¶90,107,111,117].

The claims were dismissed for lack of exact evidence, applying a more stringent standard than that recommended for 12(b)6 motions. The Opinion affirming dismissal conflicts with this Court's post-*Twombly* rulings on the pleading standard.

*Runnion v. Girl Scouts of Greater Chi.*, 786F.3d 510 (7th Cir. 2015) [Holding that the pleading burden should be commensurate with the amount of information available to them, and "We cannot expect, nor does FRCP 8 require, a plaintiff to plead information she could not access without discovery."]

*Swanson v. Citibank, N.A.*, 614 F.3d 400,404 (7th Cir. 2010) [explaining after Iqbal that the plaintiff need only "give enough details about the subject-matter of the case to present a story that holds together"]; *Bausch v. Stryker Corp.*, 630 F.3d 546, 18 559–62 (7th Cir.2010) [reversing dismissal where complaints gave fair notice of claims]; *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir.1992) [FRCP do not require complaint to specify legal theory or statute that supports claim for relief.  [Reply Brief p17-18].

In *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014), this Court reversed a 12(b)(6) dismissal where the district court "repeatedly faulted [the plaintiff] for not providing 'evidence' in support of her claims." This Court held that "of course evidence is not required at the pleading stage."

**IV. The Opinion affirming dismissal without leave to amend non-futile claims, when the timing of their motion to amend was beyond Plaintiffs' control, conflicts with the Supreme Court's standard on amendments.**

In affirming denial, the Panel stated that Appellants did not cite how their proposed second amended complaint addressed the legal and factual shortfalls of the first. First, the FAC did not have most of the deficiencies claimed, as specified in pages 36-54 of Appellants' Brief. Second, Appellants' Brief ¶¶11,17,137,139,150,153 refers to the amendments, citing page and paragraph numbers of the SAC. Appellants requested judicial notice of the SAC [Separate Appendix to Brief].  While space limitations prevented detailed descriptions on revisions made in the SAC, the revisions are obvious since they are underlined per local rules.

The amendment was based on new evidence Defendant had withheld.  The timing was beyond Plaintiffs' control, and they could not have moved to amend any sooner [AB ¶¶5,17-19,63,120,139,160; Reply Brief p9,10].  Any prejudice to Defendant was never demonstrated. The Opinion contradicts the Supreme Court's well-established standard on liberally granting leave to amend when justice so requires. *Foman v. Davis*, 371 U.S. 178; 83 S.Ct. 227; 9 L.Ed.2d 222 (1962). [Holding that it is entirely contrary to the spirit of the FRCP for decisions on the merits to be avoided on the basis of technicalities, and  that FRCP 15 allows for amendment of complaints and District Courts should "freely grant" motions to amend.]

"The Eighth Circuit's decision was an abuse of discretion. Leave to amend a complaint must be granted "when justice so requires." Fed. Rule Civ. Proc. 15(a)(2). Justice requires it here." *Johnson v. Precythe*, No. 20-287 (May 24, 2021)

The Opinion directly contradicts *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir.2004), where this Court found that the district court abused its discretion in refusing to grant plaintiff leave to amend solely because it had been dilatory in filing for eight months, where the defendant offered only conclusory allegations of prejudice.

It also conflicts with many prior rulings where leave to amend was routinely granted:

*Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510 (7th Cir. 2015) [Holding that, unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss."]

*Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) [Finding abuse of discretion in denial of leave to amend without considering the sufficiency of the proposed amended complaint].

*Chaudhry v. Nucor Steel–Indiana*, 546 F.3d 832, 838–39 (7th Cir.2008) [Holding that district court erred in denying leave to amend after dismissal, relying on the wrong date].

*Bank v. Lake of the Torches Econ. Dev. Corp.*., 658 F.3d 684 (7th Cir. 2011) [Holding that the district court should have granted relief from judgment and

permitted leave to amend unless it found undue delay, bad faith, dilatory motive, or futility].

 *Barry Aviation v. Land O'Lakes Mun. Airport*, 377 F.3d 682 (7th Cir. 2004) [Holding that, because leave to amend should be freely given and only denied after a motion to dismiss where "it appears to a certainty that the plaintiff cannot state a claim upon which relief can be granted," Rohler, 576 F.2d at 1266, we must conclude that the district court improperly denied leave to amend.]

 The Opinion also conflicts with prior rulings where leave to amend is denied only for good reason, such as futility; not attaching the proposed amendment; proven prejudice to the defendant; or unjustified delay [*Gonzalez-Koeneke v. West*, No. 14-2619 (7th Cir. 2015); *Airborne v. AT&T*, 499 F.3d 663 (7th Cir. 2007); *Thompson v. Ill. Dep't of Pro. Regul.*, 300 F.3d 750, 759 (7th Cir. 2002); *Liebhart v. SPX Corp.*, 917 F.3d 952, 965–66 (7th Cir. 2019)] and with relevant rulings in other circuits [*O'Halloran v. First Union Nat'l Bank of Fla.*, 350 F.3d 1197, 1206 (11th Cir. 2003); *Carter v. HSBC Mortgage Services, Inc.*, 622 F. App'x 783 (11th Cir. 2015)].

## V. Does the Court's wide discretion extend to creating a double standard and using non-existent rules?

 Defendant's second motion to dismiss was filed months late, without leave. Plaintiffs moved to strike, with authority, in their response. [AB ¶¶1,61,84-89,105; Reply Brief p14]. While FRCP 12 sets deadlines for answers and motions to dismiss, there is no rule dictating a deadline to move to strike an untimely motion. Thus,

Plaintiffs' motion to strike was timely.  Similarly, there is no rule stating that objections not presented orally at a status conference are waived. District Court's ruling that Plaintiffs waived their objections, and the Panel's ruling that the motion to strike was belated, are backed by no rule or precedent.

While courts have wide discretion, does it extend to tolerating repeated misconduct from one party while punishing the other party using non-existent rules? [If so, does it serve the ultimate purpose of justice?]  This question warrants consideration of the full Court.

As the record shows, Defendant repeatedly made untimely filings, violated rules and orders, obstructed discovery, and made factual misrepresentations [Reply Brief p11-13,15-16].  Such actions usually earn serious sanctions including dismissal/default, which are upheld in this Court. *Krivak v. Home Depot U.S.A.*, Inc., No. 20-1276 (7th Cir. June 17, 2021); *United States v. Norwood,* No. 19-3273 (7th Cir. May 6, 2020). Here the District Court tolerated all such misconduct from Defendant, then punished Plaintiffs for not orally objecting to a motion when the **rules do not dictate such a deadline**. The Panel affirmation conflicts with *Hamer v. Neighborhood Hous. Servs. of Chi.*, 897 F.3d 835 (7th Cir. 2018), where this Court held "Rights under nonjurisdictional rules, we therefore hold, can be waived in docketing statements." There, a right was waived through **express admission in writing**.

"There was no waiver here. As soon as plaintiffs filed their Rule 15(b) motion to amend in November 2018, Publix and Target/ICCO signaled their opposition and

their view that the court's November 1, 2018 order amounted to a final judgment in their cases." *Bell v. Publix Super Mkts.,* 982 F.3d 468 (7th Cir. 2020).

Similarly, there was no waiver here. First, there was no deadline for opposition. Second, Plaintiffs more than "signaled" their opposition. They consistently stated that Defendant's motion was untimely, and objected with authority in their response. [AB ¶¶86,87,105, Reply Brief p14]. [District Court's order entered immediately after the status conference mentions nothing about accepting Defendant's motion or waiving objections.]

The ruling also conflicts with this Court's usual standard that arguments should be fully developed when presented. "Moreover, "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)." *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991). See also *Crespo v. Colvin*, 824 F.3d 667 (7th Cir. 2016); *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 419 n.2 (7th Cir. 2019); "When there are authorities to cite for a key proposition, the party asserting the proposition must cite them … and the failure to do so forfeits reliance on the proposition.". *Cf. McCurry v. Kenco Logistics Services, LLC*, 942 F.3d 783, 792 (7th Cir. 2019).

The Court accepted two untimely motions to dismiss from Defendant, the second of which significantly prejudiced Plaintiffs. Court denied Plaintiffs' motion to amend non-futile claims as untimely, with no known prejudice to Defendant. The Panel's affirmation conflicts with the accepted standards:

"But if the defense is untimely and the delay prejudices (i.e., significantly harms) the plaintiff, it is forfeited and normally may not be considered by the court." *Burton v. Ghosh*, 961 F.3d 960 (7th Cir. 2020).

"The Supreme Court has disavowed the unique-circumstances doctrine, and Satkar has not otherwise demonstrated excusable neglect for missing the appeal deadline." *Satkar Hospitality, Inc. v. Fox Television Holdings*, 767 F.3d 701 (7th Cir. 2014).

"Neglect is generally not excusable when a party should have acted before the deadline." *Flint v. City of Belvidere,* 791 F.3d 764 (7th Cir. 2015).

*Marquez v. Mineta*, 424 F.3d 539 (7ᵗʰ Cir. 2005) [Holding that district court abused its discretion in granting without explanation a one day extension where the appellant's only excuse was a miscalculation of the time to appeal].

## VI. The Opinion conflicts with the Supreme Court's well-established standards recognizing that pro-se litigants should be afforded some leeway in procedural matters.

*"Pro se* filings must be "liberally construed." *Estelle* v. *Gamble*, 429 U. S. 97, 106 (1976).

*Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) [Holding that the pleadings of pro se litigants should be held to a lesser standard than those drafted by lawyers,"[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims].

15

*Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) [holding a pro se complaint to "less stringent standards than formal pleadings drafted by lawyers" when determining whether to dismiss for failure to state a claim.]

"In considering the defendants' motion to dismiss, the District Court was required to interpret the pro se complaint liberally, and when the complaint is read that way, it may be understood to state Fourth Amendment claims that could not properly be dismissed for failure to state a claim." *Sause v. Bauer*, 138 S. Ct. 2561 (2018).

*Cf. Whitfield v. Howard*, 852 F.3d 656, 660-61 (7th Cir. 2017) ["the court may find excusable neglect in a *pro se* litigant's confusion about how [the federal rules] work," noting that the "federal rules are complex"].

On appeal, the court of appeals construes *pro se* filings liberally and will address any cogent arguments it is able to discern in a *pro se* appellate brief. *Parker v. Four Seasons Hotels, Ltd*. 845 F.3d 807, 811 (7th Cir. 2017).

## CONCLUSION

The Opinion conflicts with prior rulings and raises significant questions that affect public welfare, warranting full consideration of the Court. Appellants respectfully request rehearing *en banc*, with complete review of their briefs.

16

Respectfully submitted this 8th day of November, 2021,

/s/Dr. Subhadra Gunawardana
/s/David Seely
4308 Marion Garden Ln
Florissant, MO 63034
314-764-1520; 615-423-8851
subhadra.gunawardana@wustl.edu
david-seely@live.com

**CERTIFICATE OF COMPLIANCE**

We hereby certify that this brief complies with the type limitations provided in Fed. R. App. P. 35(b)(2). The foregoing brief was prepared using Microsoft Office 365 and contains 3821 words in 12-point proportionately-spaced Century Schoolbook font.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing document was forwarded by way of electronic filing on the Court's ECF notice list to all parties on November 8th, 2021.

/s/Dr. Subhadra Gunawardana
/s/David Seely