# NO. 21-1330

## IN THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Subhadra Gunawardana and David Seely
*Plaintiffs-Appellants*
v.

American Veterinary Medical Association (AVMA), Educational Commission for Foreign Veterinary Graduates (ECFVG) and Council on Education (COE)
*Defendants-Appellees*

On Appeal from the United States District Court for the
Southern District of Illinois, Case No. 3:19-cv-00096-NJR
The Honorable Judge Nancy J. Rosenstengel

## PLAINTIFFS-APPELLANTS' MOTION TO STAY MANDATE PENDING FILING AND DISPOSITION OF A PETITION FOR WRIT OF CERTIORARI

Pursuant to Fed. R. App. P. 41(d) and supported by the certification attached, Plaintiffs-Appellants hereby move this Court for a stay of the mandate in the above-captioned case, pending the filing and disposition of a petition for a writ of certiorari in the United States Supreme Court on or before February 22, 2022.

### PROCEDURAL HISTORY

This case was filed in the Southern District of Illinois on February 1, 2019. All claims were dismissed with prejudice on January 28, 2021. Upon appeal, this Court affirmed the judgment of the District Court on October 25, 2021. Plaintiffs-

Appellants' petition for re-hearing and en banc rehearing was denied on November 24, 2021. The Mandate is to issue on December 1, 2021.

## ARGUMENT

**The petition for a writ of certiorari will present substantial questions**

1. The Supreme Court's long-held standard, followed by all circuits and state supreme courts, is that a release does not protect its creator against willful or wanton acts. *New York Cent. R.R. Co. v. Mohney*, 252 U.S. 152 (1920). Additional exceptions to enforcing a release include economic necessity to signee, arbitrary and unreasonable conduct by creator, lack of notice of the risks assumed by signee, and extreme inequality of bargaining power in an adhesion contract. *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 252 (7th Cir. 1994); *Horne v. Elec. Eel Mfg. Co.*, 987 F.3d 704 (7th Cir. 2021). The current ruling enforcing a release despite the presence of all exceptions, including undisputed evidence of willful misconduct, directly conflicts with prior rulings and the Supreme Court's long-held standard. Does it violate public policy to enforce releases that allow intentional harm to signees and take away their constitutional rights without forewarning? This is a substantial question warranting review by the Supreme Court.

2. This case is the first instance where the ongoing violations of equal protections by the AVMA were challenged. AVMA's policies impose stricter standards on certain populations of veterinary graduates, resulting in a disparate impact in the profession. The Court dismissed the 14th amendment claim deeming that AVMA is not a state actor. It did not address several critical facts demonstrating state action, such as that

the AVMA's certification arm was created at the behest of the state regulatory boards. This ruling conflicts with the Supreme Court's established standards on state action, as stated in *Hallinan v. Frat. Order of Police of Chicago*, 570 F.3d 811 (7th Cir. 2009).

3. There is no federal rule or case law specifying a deadline to object to an untimely dispositive motion. Here, the Court held that Plaintiffs waived their objections by not presenting them orally prior to their response deadline. This decision departs from established procedural standards, and prompts a substantial question of first impression: Does the Court's discretion extend to imposing non-existent rules?

**There is a reasonable probability that certiorari would be granted**

The case involves ongoing violations of civil rights and equal rights by the AVMA, which affect the entire profession of veterinary medicine and consequently the public. The medical profession corrected similar problems decades ago. The persistence of discriminatory practices in the veterinary profession is a matter of national importance that merits the attention of the Supreme Court.

Its far-reaching regulatory powers make the AVMA distinct from any other medical board, professional association, or private corporation. The application of the 14th amendment to this type of organization, or their right to use a release to deprive the signees of their constitutional rights, have never been reviewed by a High Court before. Therefore, this is a case of first impression.

The petition requests resolution of conflicting rulings on the application of the 14th amendment, and this Court's departure from the long-held national standard on enforcement of releases. Both matters affect the entire population.

The current opinion conflicts with the Supreme Court's established standards on several issues, including but not limited to: When private action becomes state action; enforcement of exculpatory clauses in the presence of willful or wanton acts; granting leave to amend when justice so requires; and liberal construction of pro se filings.

Finally, whether the Court's discretion extends to imposing non-existent rules is an important new question that merits resolution by the Supreme Court.

**There is a reasonable prospect of reversal**

The instant ruling was made without considering/addressing specific facts presented. For example: AVMA's certification arm was created at the behest of state regulatory boards, making AVMA a state actor. There was undisputed evidence of intentional misconduct, among other exceptions, invalidating the release. Had these facts been considered, the outcome would be different as a matter of law.

The ruling did not apply the Supreme Court's established standards on liberally granting leave to amend when justice so requires; determining when private action becomes state action; and liberally construing pro se filings.

Once all facts are considered and the correct standards applied, reasonable minds should find that the release is unenforceable, that the AVMA is a state actor, and therefore, the claims should not be dismissed.

**There is good cause for a stay**

Issuance of the mandate will require appellants to immediately address all actions of enforcement, taking away from the limited time available to prepare and file the writ of certiorari. Pro se parties are not allowed to eFile in the Supreme Court, and filing everything by mail will require extra time. The time constraints are exacerbated by the facts that Appellants have no office equipment or staff; their access to legal research is limited; Dr. Gunawardana has to work full-time with extra hours; and Mr. Seely is disabled, with several upcoming medical procedures.

A stay would not prejudice the Appellees, as it requires no action from them and would merely extend the current status for a limited time.

Without a stay, Appellants would not be able to file a thorough and timely petition for a writ of certiorari. Absent such petition, Dr. Gunawardana would be forever barred from practicing veterinary medicine in the US, thus suffering irreparable damage. Absent such petition, there would be no chance of judicial review of AVMA's discriminatory policies. The current practices of segregation, unequal treatment, and accreditation of substandard schools would continue unchecked, resulting in irreparable harm to the profession and consequently to the public.

## RELIEF

Appellants request the Honorable Court to stay the mandate for 90 days, upto and including February 22, 2022.

Respectfully submitted this 30th day of November, 2021.

/s/Dr. Subhadra Gunawardana
/s/David Seely,
4308 Marion Garden Ln
Florissant, MO 63034
314-764-1520; 615-423-8851
subhadra.gunawardana@wustl.edu
david-seely@live.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was forwarded by way of electronic filing on the Court's ECF notice list to all parties on November 30th, 2021.

/s/Dr. Subhadra Gunawardana
/s/David Seely

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

Subhadra Gunawardana and David Seely
*Plaintiffs-Appellants*
v.

American Veterinary Medical Association (AVMA), Educational Commission for Foreign Veterinary Graduates (ECFVG) and Council on Education (COE)
*Defendants-Appellees*

---

On Appeal from the United States District Court for the
Southern District of Illinois, Case No. 3:19-cv-00096-NJR
The Honorable Judge Nancy J. Rosenstengel

---

## CERTIFICATION IN SUPPORT OF MOTION TO STAY MANDATE

---

We, Subhadra Gunawardana and David Seely, being over 18 years of age and of sound mind, hereby attest to the following facts.

1. We are the pro se Appellants in the above-styled case.

2. We intend to file a petition for a writ of certiorari to the United States Supreme Court within 90 days of the date of the instant judgment.

3. The petition will present substantial questions as stated in the motion attached.

4. We are filing the petition and the instant motion in the interest of justice, and not for any improper purpose.

5. We have no office equipment or staff, and our access to legal research is limited.

6. I, David Seely, am disabled, and have several medical procedures in the coming months.

7. I, Subhadra Gunawardana, work full time including some night and weekend hours.

8. Issuance of the mandate at this time will cause us considerable hardship by taking away from the limited time available to prepare and file the petition.

We declare under penalty of perjury that the foregoing is true and correct.

Executed on November 30, 2021.

Dr. Subhadra Gunawardana
David Seely
4308 Marion Garden Ln
Florissant, MO 63034
314-764-1520; 615-423-8851
subhadra.gunawardana@wustl.edu
david-seely@live.com